ALBANY,
Feb. 1828.

Doe
v.
Howland.

DOE, *ex dem.* DE PEYSTER and others, *against* HOWLAND.

Husband and wife holding lands by a conveyance to them jointly, are not joint tenants or tenants in common. They are seised *per tout,* but not *per mi,* each owner of the whole; and the conveyance by one is inoperative as to any part; for both are necessary to make one grantor.

The deed of a *feme covert* is void at common law, not merely voidable; and, tho' she acknowledge the execution after her husband's death, this shall not relate to the time of the original execution. It can be made operative only in virtue of an acknowledgment under the statute (1 R.L. 369, ss. 1, 2.) But her acknowledgment of the deed after the husband's death, shall pass her right in the land; for it gives effect to the old deed, as an original conveyance, from the time of the acknowledgment.

Husband and wife were seised of land by a conveyance to them jointly. They executed a deed in fee in the common law form, which was not acknowledged pursuant to the statute. (1 R. L. 309, ss. 1, 2.) After the husband's death, the wife went before a master in chancery, and with full knowledge of her rights, and wife intention to give effect to the deed, acknowledged that she executed it freely, &c. *Held,* that this was an original execution of the deed by her; and that it passed her estate, taking effect from the time of the acknowledgment.

A devise, with power to convey in fee, carries a fee. Otherwise, if the power be to devise merely.

But if the devise be, in terms, for life, though it give power to convey in fee, whether this will carry a fee? Quere

EJECTMENT, for a lot in the city of New York; tried at the New York circuit, in February, 1826, when the following facts were admitted: One Charlton and his wife were seised, in fee, of two adjoining lots in the city, (one of which is the premises in question,) under a conveyance made to them jointly during coverture. They had no children. On the 29th of April, 1804, they executed a conveyance of the two lots to Peter J. Munro, Esq., in fee, reciting their joint seisin, and expressing their intent that he should convey to Charlton in severalty; but the deed [*278] *was not acknowledged by Mrs. Charlton during her husband's life, according to the statute, (1 R. L. 369, ss. 1, 2.) Munro conveyed to Charlton, April 30th, 1804, according to his trust; and on the 9th of May, in that year, Charlton demised one of the lots, the premises in question, to one Roosevelt, for 42 years, at an annual rent.

On the 3d of June, 1804, Charlton made his will, devising all his real estate to his wife, without impeachment of waste; declaring that, during her life, she might dispose of it as fully and amply as if he had devised it to her absolutely and forever; appointing her sole executrix during her life, and giving her power (but not requiring her) to sell in fee all his real estate, except the two lots; and with power to devise the whole without any exception. But upon the contingency of her not devising, then he devised the lot in question to his executors, on certain trusts, &c., disposing

of the fee to persons other than the lessors. Charlton died June 12th, 1806; and on the 20th of that month, Mrs. Charlton, his widow, with a full knowledge of all the circumstances, and being apprised that the two lots belonged to her for want of her previous acknowledgment, went before a master in chancery, and acknowledged that she executed the deed to Mr. Munro freely, without any threats or compulsion of her husband. She declared her intention to abide by the will, received rent from Roosevelt during her life, and died intestate, in December, 1819. After her death, the defendant paid rent to the devisees over of Charlton. The lessees of the plaintiff are the heirs at law of Mrs. Charlton.

Verdict for the plaintiff, subject to the opinion of the court on a case, with leave for either party to turn it into a special verdict.

*J. Anthon,* for the plaintiff. Charlton and wife were, during coverture, seised of the entirety. Neither could convey without the other. (2 Bl. Com. 183; Co. Lit. 187; *Green* v. *King,* 2 Bl. Rep. 1211; *Doe* v. *Parratt,* 5 T. R. 654; *Jackson* v. *Stevens,* 16 John. 115; *Rogers* v. *Benson,* 5 John. Ch. Rep. 437; *Sutliff* v. *Forgey,* 1 Cowen, *96.) The deed to Mr. Munro was, therefore, the act of the husband only, (Co. Lit. 326, a.,) being absolutely void as to the wife. (*Mary Portington's case,* 10 Rep. 43; *Fowler* v. *Shearer,* 7 Mass. Rep. 19, per Parsons, C. J.) And this, though her husband joined in the deed with her. (*Jackson* v. *Cairns,* 20 John. 304, per Spencer, C. J.) A fine or recovery, (Co. Lit. 353, b.; Plowd. Com. 514; 1 Inst. 121;) or an acknowledgment under the statute, are essential to give it any effect. (*Jackson* v. *Sears,* 10 John. 440.) From these principles, it follows, that nothing passed by the conveyance either from Charlton or his wife. She took the whole by survivorship.

The acknowledgment after the husband's death, was made by the wife as a *feme covert;* whereas she was sole. It was incongruous; and to give it effect, would be to create a new species of conveyance. It was inoperative in any way.

ALBANY,
Feb. 1828.
Doe
v.
Howland.

[*279]

ALBANY,
Feb. 1828.

Doe
v.
Howland.

Had she intended to give effect to her husband's will, the obvious course was to convey to trustees for the purpose declared in the will. The acknowledgment could not make that valid which was void during the husband's life; and/ which, by the change of title consequent upon his death, must have lost all vitality, if it ever had any. There was nothing to which the acknowledgment could relate. There is no analogy between this and the English cases under the statute of enrolment. There the deed is merely voidable till enrolment, which relates back to the execution, having something to which it may attach. (2 Inst. 674.)

Mrs. Charlton being seised in fee, therefore, at her death, the premises in question descended to her heirs at law.

They may recover, notwithstanding the lease to Roosevelt is unexpired. That lease was void, for the same causes which avoid the deed; and, being so, could not be set up by the receipt of rent after her husband's death. (1 Roper's Husb. and Wife, 93; 7 John. 86; 2 Saund. 180, note (9.)

Thus the plaintiff's right at common law is clear.

[\*280]

But if the will is to take effect, it does not change the \*result. It gave a fee simple to the wife; and when she was remitted to her better estate at common law. Though an estate be expressed for life in a will; yet, being followed up by the power of absolute disposition, the will carries a fee. (*Goodtitle* v. *Otway*, 2 Wills. 61; *Barford* v. *Street*, 16 Ves. 135; *Jackson* v. *Robbins*, 16 John. 588; *Tomlinson* v. *Dighton*, 1 Salk. 239; 1 P. Wms. 149; *S. C.*; *Crossling* v. *Crossling*, 2 Cox, 395; *Reid* v. *Shergold*, 10 Ves. 370.

This is not a case of election under a will, which controls our common law rights. (*Crosbie* v. *Murray*, 1 Ves. jun. 556.)

True, if the estate passed to Mrs. Charlton under the will, in this view the lease would bind us; but this will not prevent our judgment; for the defendant has attorned to the devisees over, recognizing them as his landlords, and paying them rent in preference to the heirs at law.

P. A. Jay, contra. We admit the deed to Mr. Munro was inoperative; but when duly acknowledged by Mrs. Charlton, it became valid by relation, from the day of its date. Relation is a fiction of law resorted to for the promotion of justice, and for promoting the lawful intention of parties, by giving effect to instruments, which, without it, would be invalid, *ut res. magis valeat quam pereat;* though it is not allowable when it would defeat the rights of third persons. (*Jackson* v. *Bard,* 4 John. Rep. 230 ; *Johnson* v *Stagg,* 2 John. Rep. 510 ; *Jackson* v. *Bell,* 1 John. Cas. 85 ; *Heath* v. *Ross,* 12 John. Rep. 140 ; *Jackson* v. *Dickenson,* 15 id. 315; Com. Dig. Barg. and Sale, (B. 9.) *Jackson* v. *Stevens,* 16 John. Rep. 110.)

But if we are wrong on the head of relation, then we contend that Mrs. Charlton's acts, after her husband's death, amounted to a re-delivery of the deed. (*Goodrich* v. *Walker,* 1 John. Cas. 253 ; *Verplanck* v. *Sterry,* 12 John. Rep. 536 ; *Goodwright* v. *Straphan,* 1 Cowp. 201.)

But if her acts were not a re-delivery, they are a waiver of the estate conveyed to her during coverture. (Co. Lit. 3, a. *Butler & Baker's case,* 8 Rep. 26, b.)

*Again; the lessors of the plaintiff are estopped by Mrs. Charlton's election to take under the will. She cannot claim, at the same time, under and against the same instrument. (*Thelusson* v. *Woodford,* 13 Ves. 220. *Broome* v. *Monk,* 10 Ves. 616. *Wilson* v. *Townsend,* 2 Ves. jun. 696. *Birmingham* v. *Kirwan,* 2 Sch. & Lef. 449; 1 Swanst. 394, note. *Ardesoife* v. *Bennet,* 2 Dick. 463.) And the devisees may avail themselves of this election at law. (Co. Lit. 31, b. Lit. s. 258. Bro. Baron, pl. 27. Id. *cui in vita,* pl. 15 ; 4 Vin. 101 ; 21 H. 6, 24 ; Dy. 351, b. *Gosling* v. *Warburton,* Cro. Eliz., 128. 1 Leon. 136, S. C. Ow. 154, S. C. 39 H. 6, 26 and 27.)

Mrs. Charlton did not take an estate in fee under the will, but a mere estate for life, with power of devising. The devise that she may dispose absolutely, did not relate to these two lots. They were excepted. But the devise as to the whole subject matter is expressly for life ; and an estate in fee cannot be implied. (1 Rob. on Wills, 426,

ALBANY,
Feb. 1828.

Doe
v.
Howland.

[*281]

ALBANY,
Feb. 1828.
———
Doe
v.
Howland,

note. Sugd. on Powers, 101, Am. ed. *Jackson* v. *Robbins,* 16 John. Rep. 588. *Goodtitle* v. *Otway,* 2 Wils. 6. *Barford* v. *Street,* 16 Ves. 136.)

But if the lessors of the plaintiff claim under the will, they must take subject to the lease. Paying rent to a stranger, or attorning to him, will not work a forfeiture. (1 R. L. 443. 2 Leon. 60. 3 Mod. 151.)

If the deed was void, still the lease was voidable only, and was affirmed by the widow's acceptance of rent. (4 Bac. Abr. 17, 139. 1 Bart Elem. of Conv. 487. 7 Rep. 8, b. Co. Lit. 45, b. 297. *Zouch* v. *Parsons,* 3 Burr. 1806 ; 9 H. 6, 43 ; Com. Dig. Baron & Feme, (R.) *Jordon* v. *Wilkes,* Cro. Jac. 332. *Harvey* v. *Thomas,* 1 Leon. 247.)

But even if the lease was void, the tenants were entitled to notice to quit. *Roe* v. *Wood,* 1 H. Bl. 97 ; 7 T. R. 83.)

*Reply.* The acknowledgment is, in no respect, a substitute for the common law requisites of a deed. It is, in all

[*282]

cases, a statutory adjunct to a deed, already *executed, comformably to the requisites of the common law. To give this acknowledgment the effect of a conveyance, would be giving an effect which was not intended. It is the mere evidence of a former and void delivery. So of all Mrs. Charlton's acts relied on in affirmance.

As to waiver or disclaimer, there could have been none in this case except by record, or at least by deed, on the part of Mrs. Charlton. *Tomlinson* v. *Trickell,* 3 B. & A. 31.

If this be a case of election, it is only proper for a court of chancery. But it is not so even as to that court. There is no beneficial interest frustrated, by disappointing the intention of the testator ; no one to demand compensation for his disappointment. In the contrary case only, is one taking under a will put to his election. (*Blake* v. *Bunbury,* 1 Ves. jun. 514.) The lessors of the plaintiff could not compel an election, for they do not claim under the will. And if otherwise, they certainly could not compel an election during Mrs. Charlton's life, while she undoubtedly had the absolute control. (*Kavan* v. *Pulteney,* 2 Ves. jun. 544 ; 3 id. 384.)

None of the declarations or acts of Mrs. Charlton have

the character of an estoppel. Neither the lease, nor acceptance of rent, could create an estoppel as to the freehold or inheritance; for an estoppel must be certain to every intent, and not taken by way of argument or inference. The cases cited to this point on the other side, are either of technical estoppels, or of election, and will be seen, on examination, to have no application whatever.

The mere acceptance of rent will not affirm the lease, though it be voidable merely. (*Jenkins* v. *Church*, Cowp. 482. *Gregson* v. *Harrison*, 2 T. R. 425.) But the lease was void. (2 Saund. 180, note(9.) 7 John. 85, per Thompson, J.)

No notice to quit could be necessary. The tenant disclaims all title in the lessors of the plaintiff, who are the landlords in right of Mrs. Charlton, as her heirs. Admitting he was a tenant from year to year, by her receipt of rent; yet, having acted in hostility to her rights as lessor, *he cannot insist on notice. This is the settled doctrine. [*283] *Throckmorton* v. *Whelpdale*, Bull. N. P. 96. *Goodright* v. *Thirley*, 2 Esp. 41.

*Curia, per* SAVAGE, Ch. J. Husband and wife holding lands by a conveyance to them, are not joint tenants. They are seised *per tout*, but not *per mi*. They are each owner of the whole, but not of the half. They must both join in a conveyance. They are both necessary to make one grantor; and the deed of either without the other is merely void.[1] The deed from Charlton and wife, was signed by both; but as no interest in lands can be conveyed under our statute, by a *feme covert*, without the proper official acknowledgment; the signing and sealing, and ordinary acknowledgment before the witnesses, are of no effect, and convey no title.

At the death of Charlton, therefore, the whole estate in the premises in question became vested, by right of survivorship, in Mrs. Charlton. Thus far the counsel on both sides agree. Of this Mrs. Charlton was apprised while she was sole owner. What she subsequently did, was done

[1] See *Jackson* v. *M'Connell*, 19 Wendell, 175; *Barber* v. *Harris*, 15 Wendell, 615; N. Y. Dig., vol. 2, tit. *husband and wife*.

with the intention of effectuating the object of her husband's will. She then, when sole, acknowledged that when she executed the deed to Mr. Munro, while covert, she acted freely, and without any threats or compulsion of her husband. Upon the effect of this acknowledgment, the counsel differ widely. The plaintiff's counsel contend that nothing passed by it; that it was not competent for Mrs. Charlton to convey her estate but in the ordinary forms of conveyance. The defendant's counsel contends that the acknowledgment related to the date of the deed, and confirmed every thing which had been done; the deed, the lease to Roosevelt, and the will of Charlton.

If, indeed, this acknowledgment was void, and passed no estate, then Mrs. Charlton was seised at her death, and the plaintiff must recover, unless, by her acts, she was estopped from asserting her title. But why should a deliberate act

[\*284]

of this kind, by a person competent to \*convey, be inoperative and void? The instrument contains, upon its face, every thing necessary to a perfect conveyance. She is described, indeed, as a *feme covert;* and her husband is a party with her; but there is no question as to the identity of the grantor. There is, perhaps, a false description, and a person inserted as grantor, not *in esse,* when she acknowledges the deed. But it is still her act and her conveyance. It is sufficient for transferring all her interest to the grantee for the purposes expressed. It cannot be denied, that after the death of her husband, when she became sole owner, she alone might have conveyed the premises to Mr. Munro. Then, does the name of her deceased husband vitiate her deed? Surely not. It is merely surplusage. It has no effect whatever. Suppose a sole owner of a lot of land draws a deed conveying his land upon sufficient consideration, and in due form; and three or four names are inserted in the body of the deed as grantors, but no one signs except the owner; can he reclaim the land which he has thus conveyed, on the ground that the other grantors did not convey; or can a *feme sole* avoid her deed by describing herself as a *feme covert?* Clearly not. On what ground is it, then, that the acknowledgment by Mrs. Charl-

ton, after the death of her husband, is not a perfect execution of the deed. It is very clear to my mind, that this act of Mrs. Charlton amounted to a conveyance of her interest in the premises. Whether her execution of the conveyance had relation back to the time of the original execution by her and her husband, or whether it operated as a conveyance *in præcenti*, it seems to me, cannot be very material to the lessors of the plaintiff. If it related back, then the conveyance from Mr. Munro to Charlton is supported. Charlton's will thus becomes operative, and then, it is contended, that Mrs. Charlton took a fee under the will.

It is undoubtedly true, that a devise with power to convey in fee, carries a fee; though a devise with power to devise in fee, carries but a life estate. But the intention of the testator is always a cardinal point in construing *wills; and in this case that intention is not left to construction. It is explicitly expressed. An estate for life, and no greater, is given; and as to the lots in question, the wife had no power to sell. All her acts were in affirmance of the will. She received rent on the lease to Roosevelt.

On the question of relation, I cannot accede to the position of the defendant's counsel. In all cases where a subsequent act is held to relate back to a thing antecedent, there must be something to which relation may be had, something inchoate, imperfect; but still something.

I shall not go into an examination of the cases; but I think I hazard nothing in the assertion, that in none of them was relation had to a void act. In *Jackson* v. *Stevens*, (16 John. 110,) Spencer, justice, speaking of a deed, executed by a *feme covert*, under similar circumstances, says, " It is contended, however, that the acknowledgment of the deed by Mrs. B. in October, 1814, related back to the date of the deed, (it was dated in 1795,) and rendered it valid from the beginning. But although she signed and sealed the instrument, it was not her deed, until she had acknowledged it according to the statute. It could not bind her as a contract. She was not confirming an inchoate and imperfect agreement. The deed took its efficacy from the period of her acknowledgment, and there was nothing prior, to which

*Margin:*
ALBANY,
Feb. 1828.

Doe
v.
Howland.

[*285]

ALBANY,   it could relate." This seems to me an authority in point.
Feb. 1828.  The deed of Mrs. Charlton, then, took effect from its ac-
Goodel    knowledgment. What was that effect? It conveyed all her
v.        interest to Mr. Munro, for certain purposes expressed in the
Baker.    deed itself. Whether the trusts in that deed can be exe-
cuted according to its letter or spirit, or whether they can
be enforced at all, are considerations with which we have
nothing to do in a court of law. It is the legal title which
we are pursuing, and have traced to Mr. Munro. It is, per-
haps, unnecessary to pursue it farther. If it remains in Mr.
Munro, it is not in the lessors of the plaintiff. If the doc-
trine of relation or of estoppel is applicable, so far as to
[*286]    *confirm the deed of Mr. Munro to Charlton, then it sup-
ports the will; and I have already attempted to show that,
in that view, the fee cannot be in the lessors. If the estate,
upon the doctrine of relation or estoppel, vested in Charl-
ton's heirs by virtue of the conveyance or acknowledgment
of Mrs Charlton, then it is out of the lessors. So that, in
any view of the subject which I can take, the plaintiff can-
not recover.

There were many questions discussed on the argument
with great learning and ability; but, if I am correct in
giving effect to the acknowledgment as of the date of the
transaction, then any further examination becomes useless.

I am of opinion that the defendant is entitled to judg-
ment.

Judgment for the defendant.