DEN *ex dem.* ELIZA HARDENBERGH *against* JACOB R. HARDENBERGH.

If a deed made between A, party of the first part, and C and D, his wife, party of the second part, grants, bargains, and sells, unto the said party of the second part, his heirs and assigns, a piece of land; and C dies, his wife D, him surviving, she will be entitled to the whole of the estate during her life.

A conveyance of lands to a man and his wife, made after their inter-marriage, does not, strictly speaking, create them joint tenants, but creates an estate of a peculiar nature of which they are seized, not *per my et per tout* (as joint tenants would be) but solely and simply *per tout.*

The statute of N. J. (*Revised Laws*, 556,) which enacts "that no estate shall be considered and adjudged to be an estate in joint tenancy, except it be expressly set forth in the grant or devise creating such estate, that it is the intention of the parties to create an estate in joint tenancy, and not an estate of tenancy in common;" does not apply to an estate granted to husband and wife.

This was an action of ejectment, brought for the recovery of lands in the county of Middlesex. The cause was noticed for trial at the June Circuit, A. D. 1827, when the parties by their attorneys agreed upon the following state of facts

(which was returned with the postea,) viz., " William M'Knight, being seized and possessed of the premises in question, by deed of bargain and sale, duly acknowledged and recorded, bearing date on the 31st day of August, 1822, made between William M'Knight and Nancy his wife of the first part, and James Hardenbergh and Eliza his wife of the second part." The words "and Eliza his wife," having been interlined after the deed was drawn, and before it was executed, "the party of the first part, granted, bargained and sold unto the said party of the second part, his heirs and assigns forever, a lot of land in the township of Amboy, being the premises in question. To have and to hold unto him the said party of the second part, his heirs and assigns, to the only proper use, benefit and behoof of him the said party of the second part, his heirs and assigns forever." The said James Hardenbergh went into the possession of the premises under this deed, and built a large house and made other improvements thereon, and continued in possession until his death. The said James Hardenbergh died without issue, the said Eliza his wife, the lessor of the plaintiff him surviving, and upon his death she remained in possession for six months. The said Jacob R. Hardenbergh, the father of the said James Hardenbergh thereupon entered into possession, and at the time of the service of the ejectment was in possession, by his tenant, John Appleby.

The defendant confessed lease, entry, and ouster, (*pro ut. lex postulat.*)

And it was further agreed, that if upon the foregoing facts, the court should be of opinion in favor of the plaintiff, then judgment to be entered for the plaintiff, with six cents damages, and six cents costs; and if the court should be of opinion in favor of the defendant, then judgment shall be entered for the defendant, with costs of suit to be taxed. Either party to be at liberty to turn this case into a special verdict, and bring a writ of error within one term after the entry of judgment.

---

Den *v.* Hardenbergh.

---

The cause was submitted upon written arguments by

*Wood*, for the plaintiff; and

*C. L. Hardenbergh*, for defendants.

EWING, C. J. By deed of bargain and sale, bearing date on the 31st day of August, 1822, and made "between William M'Knight and Nancy his wife, of the county of Burlington, and state of New Jersey, of the first part, and James Hardenbergh and Elizabeth his wife, of the township of South Amboy, county of Middlesex and state of New Jersey, of the second part," the words, and Elizabeth his wife, having been interlined after the deed was drawn and before it was executed, "the party of the first part," granted, bargained and sold " unto the said party of the second part, his heirs and assigns forever," a lot of land in the township of South Amboy, being the premises in question, to have and to hold, "unto him the said party of the second part, his heirs and assigns, to the only proper use, benefit and behoof of him the said party of the second part, his heirs and assigns forever." Under this conveyance, James Hardenbergh went into possession of the premises, built an house and made other improvements, and continued in possession until his decease. He died without issue. His wife, the lessor of the plaintiff, and one of the grantees in the deed survived him, and continued in possession of the premises for six months after his decease, at which time the defendant who is the father of James Hardenbergh entered, and continued, by his tenant in possession, at the commencement of this action.

The lessor of the plaintiff, claims the whole premises under the above mentioned deed, and insists that she is entitled thereby to an estate in fee simple.

The counsel of the defendant, in the brief submitted to us, insists that the wife by force of the deed, " takes a joint

estate with her husband for life, and then it goes over to his heirs in fee simple; a joint estate for life with remainder in fee to the husband " " a well known estate in the law ;" and for example he refers to the 285th, 2 *Littleton*, which is in these words, " If lands be given to two and to the heirs of one of them, this is a good jointure and the one hath a freehold and the other a fee simple." To which *Littleton* adds, " if he which hath the fee dieth, he which hath the freehold shall have the entirety by survivor for term of his life." And *Coke*, in his comment says, " they are joint tenants for life and the fee simple is one of them."

The counsel of the defendant farther insists, that " if the deed should be construed according to the claims of the plaintiff, still by force of our statute, *Rev. Laws* 556, the lessor of the plaintiff and her husband, were tenants in common."

It is manifestly, unnecessary for us in order to decide this cause, to enquire or determine whether the lessor of the plaintiff takes under the deed an estate for life, or an estate in fee simple, because if as the defendant insists, she took only an estate for life, and by virtue of our statute, as a tenant in common, the plaintiff, her life estate of one moiety subsisting, must be entitled in this action to judgment, to recover one moiety of the premises.

In as much, however, as the plaintiff demands the whole premises, although to ascertain the duration of the estate of the lessor is not essential, yet the operation and extent of the statute respecting joint tenants and tenants in common, must be examined, because thereon depends the question whether the plaintiff is to recover the entirety or only a moiety.

Properly to understand the statute and safely and truly to construe it, we must first distinctly comprehend the nature of the estate which passes to husband and wife by a grant made to them during coverture.

A conveyance of lands to a man and his wife, made after their intermarriage, creates and vests in them an estate of a very peculiar nature, resulting from that intimate union, by which as *Blackstone* says, " the very being or legal existence of the woman is suspended during the marriage, or at least is incorporated and consolidated into that of the husband." The estate correctly speaking, is not what is known in the law by the name joint tenancy. The husband and wife are not joint tenants. I am aware that sometimes, and by high authority too, but *currente calamo* and improperly, as will, I think, be presently seen, the estate has been thus denominated. In respect however, to the name only, not to the nature of the estate, is any diversity to be found. The latter has been viewed in the same light as far back as our books yield us the means of research. The very name joint tenants, implies a plurality of persons. It cannot then aptly describe husband and wife, nor correctly apply to the estate vested in them, for in contemplation of law they are one person, *Littleton, sec.* 291, (665.) Of an estate in joint tenancy, each of the owners has an undivided moiety or other proportional part of the whole premises, each a moiety, if there are only two owners, and if more than two, each his relative proportion. They take and hold by moieties or other proportional parts; in technical language, they are seized *per my et per tout.* Of husband and wife, both have not an undivided moiety but the entirety. They take and hold not by moieties, but each the entirety. Each is not seized of an undivided moiety, but both are, and each is seized of the whole. They are seized not *per my et per tout,* but solely and simply *per tout.* The same words of conveyance, which make two other persons joint tenants, will make as husband and wife tenants of the entirety. *Lit. sect.* 665, 2 *Lev.* 107; *Ambler* 649; *Moor* 210; 2 *Bl. Rep.* 1214; 5 *T. R.* 564–8; *Vezey* 199; 5 *Jon. Ch. Rep.* 437; 2 *Kent. com.* 112. In a grant by way of joint tenancy, to three persons, each takes one-third part. In a grant to an hus-

band and wife, and a third person, the husband and wife take one-half, and the other person takes the other half; and if there be two other persons, the husband and wife take one-third, and each of the others one-third. *Lit. sect.* 291. In joint tenancy, either of the owners may at his pleasure, dispose of his share and convey it to a stranger, who will hold undivided, and in common with the other owner. Not so with husband and wife. Neither of them can separately or without the assent of the other, dispose of or convey away any part. It has even been held where the estate was granted to a man and his wife, and to the heirs of the body of the husband, that he could not, during the life of the wife, dispose of the premises by a common recovery, so as to destroy the entail; nor did his surviving his wife, give force or efficacy to the recovery. 3 *Co.* 5; *Moor* 210; 9 *Co.* 140; 2 *Vern.* 120; *Prec.. Ch.* 1; 2 *Bl. rep.* 1214; *Roper* on husband and wife 51. A severance of a joint tenancy may be made and the estate thereby turned into a tenancy in common by any one of the joint owners at his will. Of the estate of husband and wife, there can be no severance. 3 *Co.* 5. 2 *Bl. rep.* 1213. It has been held that a fine or common recovery by the husband during the marriage will work a severance, if the estate was granted to him and her before marriage, but if granted after marriage no severance will thereby be wrought. *Ambler* 649. Joint tenants may make partition among them of their lands, after which each will hold in severalty. Of the estate of husband and wife, partition cannot be made. The treason of a husband does not destroy the estate of a wife. In an estate held in joint tenancy, the peculiar and distinguishing characteristic is the right of survivorship, whereby on the decease of one tenant, his companion becomes entitled to the whole estates. Between husband and wife the *jus accrescendi* does not exist. The surviving joint tenant takes something by way of accretion or addition to his interest, gains something he previously had not, the undivided moiety which belonged to the

deceased. The survivor of husband and wife, has no increase of estate or interest by the decease, having before the entirety, being previously seized of the whole. The survivor, it is true, enjoys the whole, but not because any new or farther estate or interest becomes vested, but because of the original conveyance, and of the same estate and of the same quantity of estate as at the time the conveyance was perfected. In the remarks I have made, it will have been observed, that the estates granted to husband and wife during marriage, has been the subject of examination. If lands be granted to a man and woman and their heirs, and afterwards they marry, they remain, as they previously were, joint tenants, they have moieties between them, as they originally took by moieties they will continue to hold by moieties after the marriage, and the doctrine of alienation, severance partition and of the *jus accrescendi* may apply. *Co. Lit.* 187. *b.* 2 *Lev.* 107; *Ambler* 649. And to this kind of estate, *Bacon* may allude in the passage cited by the defendant's counsel. 3 *Bac. arb. tit.* Joint tenants B. " *Baron* and *feme* may be joint tenants ;" or more probably, judging from the context, he means to lay down the doctrine that they may hold an estate in joint tenancy with another person ; for unless used in one of these senses, the clause is unsupported by the authority cited in the margin, and differs from the succeeding passages on the same page.

Having brought to our view, the nature of the estate of husband and wife, we may proceed to ascertain the applicability of the statute, respecting joint tenants and tenants in common to the case before us.

It is enacted " that no estate shall be considered and adjudged to be an estate in joint tenancy, except it be expressly set forth in the grant or devise creating such estate, that it is the intention of the parties to create an estate in joint tenancy and not an estate of tenancy in common." But we have seen that the deed of James Hardenbergh and wife, would not anterior to that statute, have

created an estate in joint tenancy, that the estate created thereby would not have been considered or adjudged to be of that class. It follows then, that it is not of that nature on which the statute was designed to operate. But the counsel of the defendant, appeals very properly to the preamble and to the light which may be thence shed on the intention of the legislature. It is in these words : "Whereas, estates granted or devised to a plurality of persons without any restrictive, exclusive, or explanatory words, have heretofore been held in this state, to be estates in joint tenancy, therefore be it enacted." The very same class of cases here, as in the enacting clause, is plainly designated. Such as had been held to be estates in joint tenancy. Moreover, the preamble mentions estates granted to a plurality of persons. But husband and wife, in contemplation of law are one person, not a plurality. We shall be the more satisfied with this construction, if we recur to the causes which induced the legislature to enact this law. The hardship, surprise and unanticipated consequences of the doctrine of survivorship, can rarely if, indeed, ever be felt in the case of husband and wife.

This statute then, does not operate on the deed before us. It is subject to the principles of the common law; and by them, the wife is entitled, the husband being dead, to the possession of the whole premises.

In the case of *Shaw* v. *Hearsey*, 5 *Mass.* 521, the Supreme Court of Massachusetts, held that the statute of that state, did not extend to conveyances to husband and wife, a statute substantially like ours, with this difference indeed, that the words "conveyances and devises to two or more persons," are there actually contained in the enacting clause, as the counsel of the defendant proposed to read them in our statute for greater elucidation. In New York, they have a similar statutory provision : and in the cases of *Jackson* v. *Stevens*, 16 *John.* 115, and *Jackson* v. *Cary, ibid* 305, the Supreme Court decided that it did not extend to the case of

husband and wife, and because their estate was not a joint tenancy. It is true, as remarked by the defendant's counsel, their statute has no such preamble. But hence, I apprehend their cases are entitled to more, not less, consideration. The preamble makes the scope of our statute more clear. In the state of Virginia, a similar decision has been made in the case of *Thornton* v. *Thornton*, reported in 3*d Randolph* 179, although the words of the Virginia statute "of whatever kind the estates or thing, holden or possessed be," are much more favorable to such a construction as the counsel of the defendant has sought to establish for our statute.

Upon the whole, I am of opinion the plaintiff is entitled to recover the whole premises in controversy.

DRAKE, J. This case turns upon the construction of the deed, conveying the premises in question. It is made "between William M'Knight and Nancy his wife, of the first part; and James Hardenbergh and Eliza his wife, of the second part;" and grants, bargains, and sells "to the said party of the second part, *his* heirs and assigns," the lands and tenements in controversy.

The said James Hardenbergh, took possession of the premises, made expensive improvements, and died there without issue, leaving the said Eliza his wife, the lessor of the plaintiff, in possession, which she held about six months, when the defendant, Jacob R. Hardenbergh, took possession, and still holds the same by his tenant, John Appleby.

The grantees are "the party of the second part," (that is, James Hardenbergh and Eliza his wife,) "his heirs and assigns." The term *party*, embraces both grantees, and is used for that purpose with strict grammatical accuracy; and the word *his*, is as definite in its reference to only one of them. More formally expressed, this grant would read, to the said James Hardenbergh and Eliza his wife, and to the heirs and assigns, of the said James Hardenbergh. In *Coke on Littleton, Section* 285, it is said, "if lands be given

to two, and to the heirs'of one of them, this is a good jointure, and the one hath a freehold, and the other a fee simple ; and if he which hath the fee dieth, he which hath the freehold shall have the entirety, by survivor, for term of his life." See, also, 2 *Cruise* 510–11. But the grantees were husband and wife : " upon a purchase made by them both, each has the entirety, and they are seized *per tout* and not *per my*." This principle, cannot have any operation in this case, (upon the principles of the common law,) for with it, or without it, Eliza Hardenbergh, having survived her husband, would be entitled to a life estate in the whole premises.

The only remaining question is, how far the common law, as applicable to this case, is varied by the statute, *Revised Laws, p.* 556. Under the operation of which, the plaintiff's right of recovery, would be reduced to one half the premises. My doubts on this point have been removed, by the view of it taken, in the opinion of the *Chief Justice,* and I concur with him that the plaintiff is entitled to recover the whole premises.