VAN NOSTRAND *vs.* WRIGHT.

The surrogate has no right to order a sale of the real estate of a decedent, where the petition for sale is unaccompanied with a detailed account of the personal estate and debts.

An unacknowledged deed from a feme covert to her husband is void.

The deed of an infant is good till disaffirmance. And where grantee takes possession under such a deed, there can be no breach of the covenant of seizin contained therein, until the grantor enters or in some legal mode avoids the conveyance.

ACTION of covenant for breach of covenant of seizin, upon which defendant took issue.

The deed containing the covenant in question was dated June 28th, 1837, purporting to convey a lot of land in the town of Hempstead, Queens county, executed by the defendant, and Mercy Ann, his´ wife, for the consideration of $1,100.

The plaintiff, also, gave in evidence a deed from Phebe Horton, and Mercy Ann Amerman, but then Mercy Ann Wright, as administrators of D. Horton deceased, to Isaac Wright of the same premises in fee.

This was a deed which purported to have been given in pursuance of an order of sale by surrogate of the county. Mercy Ann Wright, one of the grantors, was, at the time of the sale and conveyance, the wife of the purchaser and grantee. The acknowledgment of the deed is taken the same as if she had been discovert at the time.

A petition, in the usual form, to the surrogate, applying for a sale of the real estate on account of deficiency of personal assets, was given in evidence. The only account accompanying it is as follows :

The amount of inventory is...................... $360
The amount of debt ........................... 1,850

Balance of debts against estate.................. $1,490

An order to show cause for a sale, and appointment of guardian for infant heirs, report and confirmation of sale were, also, given in evidence.

It was then proved, on the part of the plaintiff, that David Horton died in 1822 seized in fee of the premises in question, leaving three children, Smith W. Horton, Mercy Ann Amerman and Adeline Horton, and two grand-children, David Horton and Eliza Ann Horton, children of a deceased son, who were his heirs at law. Mercy Ann was a widow at the time, and afterwards married the defendant in the spring of 1824. The plaintiff then rested.

The counsel for defendant then read in evidence proceedings in chancery reforming the deed of the sale by the administrators, as respected the form of the conveyance ; the orders of the surrogate not having been set out at large, in pursuance of the statute.. It was also proved that the

plaintiff had conveyed the premises to one George Leavens in May, 1838, and that they were re-purchased in August, 1839, at master's sale on foreclosure of the mortgage given for the purchase money. It was then admitted by the plaintiff, that Isaac Wright and Mercy Ann, his wife, Adeline Horton, William Bush and Ann Eliza, his wife (formerly Ann Eliza Horton, one of the grandchildren), and David Horton, the other grandchild, all executed releases of their several interests and estates in the premises in question to Leavens, while he was owner and in possession of the same before the foreclosure and sale under the mortgage; and before the commencement of this suit—that but a nominal consideration was expressed in the releases, and none, in fact, paid by said Leavens.

Said release or quitclaim was not acknowledged by either of the parties thereto, so as to entitle it to be put on record, and at the time of the execution and delivery Adeline was under age—Ann Eliza was the wife of said Bush.

When the testimony closed, the judge intimated that he should instruct the jury to find a verdict for the plaintiff for five-eighths of the purchase money paid by him with interest from the date of the defendant's deed—the amount agreed upon, $928.12½; and charged accordingly, and verdict found for that amount. Defendant moves for a new trial on exceptions.

*By the Court*, NELSON, Ch. J.   1. The surrogate had no jurisdiction in the case to order a sale of the real estate, within all the cases heretofore decided by this court on the subject of these sales, for want of an account of the personal estate and debts accompanying the petition. (*Jackson* v. *Crawford*, 12 Wend., 533; *Ford* v. *Walsworth*, 15 id., 449; *Bloom* v. *Burdick*, 1 Hill, 130.

The deed I apprehend was also void for the reason that one of the grantors was a feme covert, conveying to her husband. All deeds executed by a married woman without an acknowledgment according to the provisions of the statute are, at common law, utterly void. (*Mary Portington's case*, 10 Co., 43, Perkins; sec. 6, 11; *Doe* v. *Howland*, 8 Cow., 277; 2 Riper's H. & W., 96.)

The wife, on account of the coverture, can not, at law, grant to her husband. (1 Inst. 187; 1 Prest. on abst. 333; 1 Bl. Com. 442 and N. 39, Chitty's ed.)

2. Then as to the amount of the recovery, the learned judge, I think, erred in directing the verdict for five-eighth of the purchase money.

Adeline who was entitled to two-eighth it is true was under age at the time of the execution and delivery of the quit claim to Leavens; but it does not appear that she has ever done any act disaffirming the deed. The title passed under her conveyance to the grantee, and he continues vested with both the legal and actual seizin having been in possession, or those holding under him, until such disaffirmance.

This doctrine was fully examined in the late case of *Bool* v. *Mix* (17 Wend., 119, and see pp. 134—5), and found well settled as above stated. As to her two-eighths, the plaintiff having become vested with it, there can be no breach of the covenant until she enters or in some other legal mode avoids the conveyance.

This leaves a defect as to the title, only, in respect to three-eighths, to which measure the recovery should have been reduced, instead of five-eighths of the purchase money, the amount of the verdict.

New trial granted, unless the plaintiff deduct two-fifths of the verdict.