Mr. Justice Clayton
delivered the opinion of the court.
This was an action of replevin, brought by the plaintiff in error, to recover a negro woman.
The plaintiff claimed title through six intermediate and successive purchasers, from one L. M. Stone, and proved that these purchases were all for valuable consideration. The .first of these was in 1836, the last in 1841. Stone, who is now dead, was the husband of the defendant.
The defendant.claims under a deed of gift,-from her father, J. Loftin, executed in Alabama, in the year 1835, by which he conveyed the slave in controversy, together with others, to said L. M. Stone and Andrew Laprade, or either of them, “ in trust for the use of five grandchildren, whom he names, the children of said Stone and wife. The said Stone and wife to have the possession and use of the said negroes during their natural lives, *655 and after the termination thereof, the said slaves are to be equally and rateably divided between said grandchildren, or such of them as may be then living. The said slaves to be at no time under the disposition of said Stone, except for the maintenance, support, and education of said grandchildren, and to be at no time liable for any of his debts or liabilities.” Mrs. Stone obtained possession of this negro, after the death of her husband, and this suit is brought to recover her. There was a judgment in her favor in the court below.
The construction of the deed from Loftin the father, will settle the rights of the parties. Had the conveyance been for the' benefit of persons, other than husband and wife, the interest taken under it would have been joint. That is, the life estate would have been a joint one, and a conveyance by either would have severed the joint tenancy. But in reference to husband and wife the rule is different. In regard to them, it was said in the case of Doe v. Parratt, 5 T. R. 652, “ It has been settled for ages, that when the devise is to husband and wife they take by entireties and not by moieties, and the husband alone cannot by his own conveyance, without joining his wife, divest the estate of his wife.” To the same effect is Glaister v. Hewer, 8 Vesey, 198; Thornton v. Thornton, 3 Ran. 179; Jackson v. Stevens, 16 Johns. 110; 4 Kent, Com. 363; 1 Lomax, Dig. 479. But this doctrine relates in general only to real estate, and to fee simple freehold interests therein. In regard to terms for years, or chattel interests, when they hold by entireties, the husband might claim the entirety so as to bind the wife; 2 Kent, 132. But this is to be understood, when there is no restraint upon his common law right. Grute v. Locroft, Cro. Eliz. 287.
Does such restraint exist in the present instance ? This depends upon the conveyance itself. Does it give a separate estate to the wife, during her life, and to her children afterwards, beyond the reach of any act of the husband? Beyond doubt that was the intention of the donor. There is no set form of words necessary to create a separate estate in the wife. Any terms which show a-manifest intention to exclude the right of the husband, or to show that the wife’s control is independent *656 of the husband’s power, are sufficient for the purpose. Grand Gulf Bank v. Barnes, 2 S. & M. 184; Clancy on Husband and Wife, 262.
The effect of non-registration of the instrument in this state, has been more than once considered in this court. Palmer v. Cross, 1 S. & M. 48; Prewett v. Dobbs, ante, 431. Indeed this point was not made in argument; nor was any question raised, either in this court or in the court below, as to the failure to record in Alabama. We have been furnished with no evidence of the law of that state on the subject, and we see no error in the judgment of the court below.
It is therefore affirmed.