Denio, C. J.
The conveyance of the defendant and O. D. Torrey to Dan Torrey and the plaintiff, his wife, is not set out in terms in the special verdict. It is probable, from the statement of the substance of it, that the estate was limited to the two grantees during their joint lives, with remainder to the survivor during his or her life. But if the conveyance is to the two and their representatives during the life of the last survivor, the effect is the same. Where land is conveyed to husband and wife, they do not take as joint tenants or as tenants in common; for, being considered *432 as one person in law, they cannot take by moieties, but both are seized of the entirety, and neither of them can dispose of any part without the assent of the other, and the whole goes to the survivor. (Jackson v. Stevens, 16 John., 110; Sutliff v. Forgey, 1 Cow., 89; Rogers v. Benson, 5 John. Ch. R., 431.) Therefore, at the death of her husband, the plaintiff became 'seized of the whole of the premises in question for her own life. The husband, while he lived, could not by any act of his impair or prejudice the right of survivorship of the wife. He had the absolute control of his wife’s estate for his own life, but no longer. At his death she became the owner of the whole, as survivor, for her own life. (Doe v. Howland, 8 Cow., 283; Barber v. Harris, 15 Wend., 615.) The arrangement which Dan Torrey made "with the defendant was a valid lease for one year, provided the estate of the former continued so long; but as he died within the year, and his estate expired with his life, the term came to an end at the same time. It is said that the plaintiff assented to the arrangement; but as the control of her estate was vested in her husband during the coverture, and as, moreover, she could not convey any estate in lands, except by deed acknowledged according to the statute, her consent was of no legal importance. The case is not influenced by the acts of 1848 and 1849, for the protection of the property of married women; „for the conveyance to Dan Torrey and his wife was made prior to the passage of the first of these acts. It is said that a question has arisen whether a married woman holding real estate under these acts may not, since that of 1849, make a valid conveyance without acknowledging the deed upon a private examination, according to the prior statute on that subject. It is not intended in this opinion to touch that question.
The defendant was not entitled to notice to quit. Hia estate was determinable upon the life of Dan Torrey, for it was supported by and was in fact a part of D. Torrey’s *433 estate. By holding over without the express consent of the plaintiff, he became a trespasser by the terms of the statute. (1 R. S., 749, § 7.) The defendant’s counsel relies upon the provision in 1 R. S., 745, § 7, wherein it is enacted that where there is a tenancy at will or by sufferance, created by the tenant’s holding over his term or otherwise, the same may be terminated by one month’s notice in writing. In Livingston v. Tanner (ante, 64), decided at the last term, in which the judgment reported in 12 Barb. S. C. R., 481, was reversed, we held that the statute last mentioned did not apply to a case where a party whose estate was determinable upon a life or lives held over, but that such cases were governed by the statute first referred to. That decision is conclusive upon the question of notice to quit in this case.
The judgment of the supreme court must be affirmed.
Hubbard, J.
By the Revised Statutes it is enacted that any person having an estate in lands determinable upon any life or lives, who holds over and continues in possession after the determination of such particular estate, shall be adjudged a trespasser. (1 R. S., 749, § 7.) The defendant comes directly within the statute. His estate was determinable upon the life of his lessor, Dan Torrey. The lease to him gave him no right which could affect the estate of the plaintiff as survivor of her husband. In my opinion, Dan Torrey could not charge the estate of his wife to be effective after his decease. To have made the lease operative as against her, she should have united in it by a writing acknowledged according to the provisions of the statute. The act of 1849, respecting the rights of married women, cannot affect this case, inasmuch as that act is prospective, and the estate of the plaintiff in the land was acquired in the year 1847. It will not be necessary to determine in this case whether a married woman may make a valid parol lease of her separate property in real estate, with the consent *434 of her husband, which she may have acquired after the act of 1849.
In this case there was no joint tenancy, or tenancy in common, created by the life lease to Torrey and his wife. Such a tenancy cannot exist between husband and wife, by reason of the legal unity of person. The tenancy was per tout et non per my, by the entirety and not by the moiety. The survivor would be entitled to the whole estate. (Bell on Property of Husband and Wife, 42 Law L., 258, 4th series; 2 Vern., 120; 5 Term R., 652.)
One ground of defence to the action insisted upon was,' that no' notice to quit, such as the statute requires, was served before the suit was brought. But we have seen that the defendant was in no sense a tenant at sufferance of the plaintiff. The relation of landlord and tenant did not exist between the parties. By operation of the statute the defendant became a trespasser, as against the plaintiff, when his right of occupation terminated under the lease from Dan Torrey, which was at the death of the latter.
There is no ground upon the facts of the case to impute ladies to the plaintiff, even if such a question could arise in the case, or a tenancy at sufferance could be created in that way. (Rowan v. Lytle, 11 Wend., 616.)
The judgment must therefore be affirmed.
Judgment affirmed.
*435 GASES ARGUED AND DETERMINED IN THE COURT OF APPEALS OF THE STATE OF MW-YORK, DECEMBER TERM, 1856.