The conveyance of the defendant and O.D. Torrey to Dan Torrey and the plaintiff, his wife, is not set out in terms in the special verdict. It is probable, from the statement of the substance of it, that the estate was limited to the two grantees during their joint lives, with remainder to the survivor during his or her life. But if the conveyance is to the two and their representatives during the life of the last survivor, the effect is the same. Where land is conveyed to husband and wife, they do not take as joint tenants or as tenants in common; for, being considered *Page 432 
as one person in law, they cannot take by moieties, but both are seized of the entirety, and neither of them can dispose of any part without the assent of the other, and the whole goes to the survivor. (Jackson v. Stevens, 16 John., 110; Sutliff v.Forgey, 1 Cow., 89; Rogers v. Benson, 5 John. Ch. R.,
431.) Therefore, at the death of her husband, the plaintiff became seized of the whole of the premises in question for her own life. The husband, while he lived, could not by any act of his impair or prejudice the right of survivorship of the wife. He had the absolute control of his wife's estate for his own life, but no longer. At his death she became the owner of the whole, as survivor, for her own life. (Doe v. Howland, 8 Cow., 283;Barber v. Harris, 15 Wend., 615.) The arrangement which Dan Torrey made with the defendant was a valid lease for one year, provided the estate of the former continued so long; but as he died within the year, and his estate expired with his life, the term came to an end at the same time. It is said that the plaintiff assented to the arrangement; but as the control of her estate was vested in her husband during the coverture, and as, moreover, she could not convey any estate in lands, except by deed acknowledged according to the statute, her consent was of no legal importance. The case is not influenced by the acts of 1848 and 1849, for the protection of the property of married women; for the conveyance to Dan Torrey and his wife was made prior to the passage of the first of these acts. It is said that a question has arisen whether a married woman holding real estate under these acts may not, since that of 1849, make a valid conveyance without acknowledging the deed upon a private examination, according to the prior statute on that subject. It is not intended in this opinion to touch that question.
The defendant was not entitled to notice to quit. His estate was determinable upon the life of Dan Torrey, for it was supported by and was in fact a part of D. Torrey's *Page 433 
estate. By holding over without the express consent of the plaintiff, he became a trespasser by the terms of the statute. (1R.S., 749, § 7.) The defendant's counsel relies upon the provision in 1 R.S., 745, § 7, wherein it is enacted that where there is a tenancy at will or by sufferance, created by the tenant's holding over his term or otherwise, the same may be terminated by one month's notice in writing. In Livingston v.Tanner (ante, 64), decided at the last term, in which the judgment reported in 12 Barb. S.C.R., 481, was reversed, we held that the statute last mentioned did not apply to a case where a party whose estate was determinable upon a life or lives held over, but that such cases were governed by the statute first referred to. That decision is conclusive upon the question of notice to quit in this case.
The judgment of the supreme court must be affirmed.