Goelet *v.* Gori.

Decision accordingly.

[BROOME SPECIAL TERM, April 17, 1860. *Balcom*, Justice.]

ROBERT GOELET and PETER GOELET *vs.* OTTAVIANO GORI and CATHARINE GORI.

## THE SAME *vs.* THE SAME.

Where a lease for a term of years is executed to husband and wife, jointly, the rights and interests of the lessees, respectively, by and under the lease, and in and over the demised premises, are what they are declared to be by the common law, and are unaffected by the acts of 1848 and 1849, for the more effectual protection of the property of married women.

Those acts were not intended to enable married women to take and hold property *jointly* with their husbands, but to take and hold and dispose of property as if they had no husbands.

In case of a joint lease to husband and wife, the wife will not be deemed to have intended to charge her separate estate, by the covenant for payment of rent.

At law, and *it seems*, in equity, the covenant to pay the rent, at least during the life of the husband, is to be deemed the sole covenant of the husband; and the rent due and unpaid will be considered the debt of the husband, only.

Where a plaintiff is entitled to the relief asked for, as against the property of a married woman, it is proper to make her husband a party defendant, with her. And if he is so joined, he cannot demur separately to the complaint on the ground that it contains no cause of action against him.

DEMURRERS to complaints. The complaint in the first action alleged that on the 16th of April, 1858, by indenture of lease, of that date, between the plaintiffs of the first part, and the defendants of the second part, under seal, the plaintiffs did grant, demise and to farm let to the defendants, and the defendants did take and lease of and from the plaintiffs cer-

Goelet *v.* Gori.

tain premises therein described, situate in the 18th ward of the city of New York, from the first day of May, 1858, for the term of five years, at the yearly rent of $3500 and the taxes. The said sum of $3500 payable in equal quarter yearly payments on the first day of each of the months of August, November, February and May. Which rent and taxes the defendants jointly and severally covenanted and agreed to pay, to wit, the said sum of $3500 at the times and in the manner above specified, and the said taxes as they should become due and payable. The complaint further alleged that the said Catharine Gori, at the making and execution of the said indenture of lease, was, and still is, the wife of the said Ottaviano Gori; that at the time of executing the lease she had, and still has, separate property and estate in her own sole right, viz. certain lots situate in the city of New York, particularly described. That on the said first day of May, 1858, the plaintiffs suffered and permitted the defendants to enter upon the said demised premises; who thereupon did, as well the said Catharine to her several use and benefit, as the said Ottaviano to his several use and benefit, under and in virtue of said lease, enter into and have ever since remained in the peaceable possession, occupation and enjoyment thereof. That as well the sum of $513.90, being part and portion of the quarter's rent for the demised premises which became due and payable on the first day of May, 1859, as the further sum of $875, being the entire quarter's rent of the premises which became due and payable on the 1st of August, 1859, have not been paid to the plaintiffs by the defendants, or either of them, and that the said several sums of money, together amounting to $1388.90, with interest from the 8th day of August, 1859, still remain due and owing from the defendants to the plaintiffs, in virtue of the lease and the common occupation of the demised premises thereunder by the defendants, each to his or her several use, benefit and behoof as aforesaid. Wherefore the plaintiffs demanded judgment against the defendant Ottaviano Gori for the said sum of $1388.90, with interest from

the 8th day of August, 1859, and the costs. And for a further judgment that the said sum of $1388.90, and interest and costs, be made and satisfied out of the separate estate whereof the said Catharine Gori is seised and possessed as aforesaid; and to that end, that the same, or so much thereof as would pay the said sum of money, with interest and costs, be sold, by and under the direction of the court; and for general relief.

To this complaint the defendants demurred separately, on the grounds that it appeared on the face of the complaint, 1st. That there was a defect of parties defendant. 2d. That several causes of action had been improperly joined. 3d. That the complaint did not state facts sufficient to constitute a cause of action against the defendants.

The second suit was for rent upon the same lease. The complaint differed from that in the first suit, in three particulars: (1.) It alleged that by her covenant in the lease, Mrs. Gori did intend and undertake, and did appropriate and appoint to and charge with the payment of the rent and taxes, her separate estate. (2.) That she had enjoyed the whole of the demised premises to her sole, separate and several use and benefit. (3.) No relief was asked against Ottaviano Gori, the husband.

The defendants also demurred separately to this complaint; assigning the same causes of demurrer as in the first suit.

*C. J.* and *E. De Witt,* for the plaintiffs.

*S. W.* and *R. B. Roosevelt,* for the defendants.

SUTHERLAND, J. By the act of 1848, for the more effectual protection of the property of married women, as amended by the act of 1849, "any married female may take by inheritance, or by gift, grant, devise or bequest, from any person other than her husband, and hold to her sole and separate use, and convey and devise real and personal property, *and any*

*interest or estate* therein, and the rents, issues and profits thereof, in the same manner and with the like effect, as if she were unmarried, and the same shall not be subject to the disposal of her husband, nor be liable for his debts."

If the lease mentioned in the complaints in these actions, which was executed by the plaintiffs to the defendants, husband and wife, for the term of five years, had been executed to the wife alone, it may be conceded that such term or leasehold interest, under the protection of the statute, might have been held by her to her sole and separate use, free from the control, disposition, or debts of her husband; but notwithstanding this statute, her covenant to pay the rent, reserved in such lease, would have been absolutely void at law; and I am not prepared to say, that the execution of such covenant would have been, in equity, held sufficient evidence of an intention on her part to charge with the payment of the rent, real estate of hers, held by her at the time to her separate use, other than the demised premises. (*See Darby* v. *Callaghan,* 16 *N. Y. Rep.* 71; *Yale* v. *Dederer,* 18 *id.* 265.)

It appears, however, from the complaints in these actions, that the lease was not executed by the plaintiffs to the wife alone, but to the defendants as husband and wife, and that they, in and by the lease, jointly and severally covenanted to pay the yearly rent of $3500, reserved in the lease, quarterly.

The complaint in the first action asks for judgment against the husband for the amount of rent alleged to be due and unpaid, with costs. The complaint in the second action asks for no relief as against the husband; but the complaints in both actions severally ask judgment as against the wife, that a certain amount of rent alleged to be due and unpaid, with the plaintiffs' costs of the action, be made and satisfied out of certain real estate of the wife, described in the complaints, other than the demised premises, alleged to have been the separate estate of the wife, at the time of the execution of the lease by the plaintiffs, and at the time of the commencement of the action.

Goelet v. Gori.

The complaint in the first action contains no allegations of fact to show that the wife intended by her covenant to pay the rent, to charge her sole and separate real estate with the payment of the rent, or that her sole and separate real estate should be so charged, except the allegations that she jointly and severally covenanted with her husband to pay the rent, and that she had such separate real estate, describing it.

The complaint in the second action contains this additional allegation, (not of a fact, but rather of a conclusion of law,) that by the covenant to pay the rent, "the said Catharine did intend and undertake, and did appropriate and appoint to, and charge with, the payment of the said rent and taxes, her separate estate, at the making and execution of the said lease, as well as at the commencement of this action, consisting of," &c., describing certain real estate.

The complaints allege that the lease was executed on the 16th day of April, 1858. The complaint in the first action alleges that the defendants, on the first of May following, entered under the lease, and had remained in possession under the lease, each to their several use and benefit. The complaint in the second action alleges that the said Catharine entered under the lease on the first day of May, 1858, "and hath ever since remained in the possession, enjoyment and occupation of the same, to her sole, separate and several use and benefit."

The defendants separately demur to the complaints.

Without examining the other grounds of demurrer on the part of the wife, I think the demurrer is well taken in both actions, on the ground that the complaint does not state facts sufficient to constitute a cause of action against her.

As I have before intimated, had the lease been executed to the wife alone, I should not, without a good deal further examination, be prepared to hold, on the allegations contained in either of these complaints, that her separate property sought to be charged, should be charged with the payment of the rent of other premises so demised to her. But as the lease

was in fact to her and her husband, I can see hardly a pretense for so holding.

The lease being to her and her husband, I do not think that the acts of 1848 and 1849, for the more effectual protection of the property of married women, affect the question.

By the very terms of the lease, irrespective of the common law marital rights of the husband to and over the chattels real of which the wife is or may be possessed during the marriage, and of the principle of the common law, that the husband and wife being considered but as one person at law, cannot take or hold either as joint tenants or as tenants in common, the plaintiffs in the lease did not grant or convey to the wife, and she did not and could not take, and had no right to hold the demised premises to her *sole* and *separate* use. Irrespective of the common law principles adverted to, she and her husband by the lease would have taken and held, to and for their *joint* use and benefit. The acts of 1848 and 1849 were not intended to enable married women to take and hold property *jointly* with their husbands, but to take and hold and dispose of property as if they had no husbands.

I do not think that the wife took, or holds, by or under the lease executed to her *and* her husband, any estate or interest, which was or is protected or affected by these statutes.

The allegation under the first complaint, that the wife entered under the lease, and had ever since possessed, occupied and enjoyed, to her *several* use and benefit, as well as the husband to his *several* use and benefit, (an allegation, the meaning of which I do not profess to understand,) and the allegation in the second complaint, that the wife entered under the lease and had ever since occupied and enjoyed to her *sole* use and benefit, have nothing to do with the question. The question is not, which, as between the husband and wife, has in fact entered, or occupied, or enjoyed the demised premises, or the rents, issues or profits thereof, under the lease, but which had and has the right to do so, and has the right absolutely to dispose of the leasehold term, estate or interest. I repeat

Goelet *v.* Gori.

that I think the rights and interests of the husband and wife respectively, by and under the lease, and in and over the demised term and premises, are precisely what they are declared to be by the common law, and were, and are, unaffected by these statutes for the protection of the property of married women.

What then are their respective rights and interests by the common law? If an estate in land be conveyed to the husband and wife, or a joint purchase be made by them during coverture, the common law declares that "they are not properly joint tenants, nor tenants in common, for they are but one person in law, and cannot take by moieties." They are said to be both seised of the entirety; and the survivor takes the whole. "This species of tenancy arises from the unity of husband and wife, and it applies to an estate in fee, for life or for years." (2 *Kent's Com.* 5th ed., 131, 132.) If the estate be a term for years, the husband may alien the entire term or estate, so as to bind the wife and deprive her of her right of survivorship; otherwise, if it is a freehold estate. (2 *Kent's Com.* 132. *Grote* v. *Locroft*, *Cro. Eliz.* 287. *Jackson* v. *McConnell*, 19 *Wend.* 175. *Barber* v. *Harris*, 15 *id.* 615. *Dias & Burn* v. *Glover*, 1 *Hoffman's Ch. Rep.* 71.) Whether the estate is a term for years or a freehold estate, the husband takes the rents and profits during the joint lives of husband and wife.

It would appear, therefore, that at common law, all the right or interest which the defendant Mrs. Gori took, or has, by or under the lease executed by the plaintiffs, was, and is, a mere right of survivorship in case her husband should die before the expiration of the term, without having disposed of the entire term, and of all the estate and interest granted by the lease.

In view of these rights of the defendants, as husband and wife, and as lessees, by the lease executed by the plaintiffs, thus fixed by the common law; of the husband's absolute right of disposition of the entire term; of his sole right to the rents and

Goelet *v.* Gori.

profits during the entire term, if he survives the term; of the remote probability of the wife's ever having *any* right of sole *possession* and enjoyment, depending not only upon her surviving her husband and the term, but upon the husband's never exercising his absolute right of disposition of the term— what ground is there for holding that the wife, by her covenant to pay the rent, intended to charge her separate estate, or that her covenant or its fulfillment was, or would be, on her own account, or for her own benefit, or for the benefit of her separate estate?

At law, and I think in equity, on the facts stated in the complaints in these actions, the covenant with the plaintiffs to pay the rent, at least during the life of the husband, must be considered as the sole covenant of the husband; and the rent due and unpaid, the payment of which is sought to be enforced by these actions, must be considered as the sole debt of the husband.

The utmost that can be claimed on the part of the plaintiffs is, that the wife by her covenant in effect became surety for her husband.

The allegation in the second complaint, that the wife, by her covenant, "did intend and undertake, and did appropriate and appoint to and charge with the payment of said rent," her separate estate at the time described in the complaint, adds nothing to the equity of the plaintiffs' case. It is only an allegation of a conclusion of law. No other mode, or manner, or instrument of appointment, or charging, than her covenant to pay the rent, is alleged or pretended in the complaint.

That she intended to charge her separate estate is, I think, even disproved by the facts and circumstances of the case.

In any view of these complaints, it appears to me that neither contains any cause of action against the wife, nor any ground for the relief asked, as against her separate property. (*See Yale* v. *Dederer*, 18 *N. Y. Rep.* 282, 3; *Gardner* v. *Gardner*, 22 *Wend.* 526; 2 *Sandf. Ch. Rep.* 287; *Goodall*

v. *McAdam and wife,* 14 *How. Pr. Rep.* 385; *Dunderdale* v. *Grymes,* 16 *id.* 195.)

The defendant Mrs. Gori must have judgment on her several separate demurrers with costs, with liberty to the plaintiffs to amend their complaints on payment of costs.

The defendant Ottaviano Gori's separate demurrer to the complaint in the first action, I think, should be overruled. He demurs upon the grounds that there is no cause of action stated in the complaint against him; that several causes of action have been improperly united; and that there is a defect of parties defendant. There is a good cause of action stated in the complaint in the first action against him. The complaint alleges his covenant to pay the rent; that the rent is due and unpaid; and asks judgment personally against him for the amount thereof. Having just held that there is no cause of action against the wife, in the complaint, nor *in rem* as against her property, it follows that there is only one cause of action stated in the complaint, and that is the one against him. Besides, I am not prepared to say, that had there been sufficient grounds for equitable relief stated in the complaint as against her property, he could have availed himself of the misjoinder of the actions, by his separate demurrer. Nor do I think that by his separate demurrer he can avail himself of the fact that the complaint contains no cause of action against his wife, or of the fact that she was improperly made a party.

The complaint in the second action asks for no judgment or relief whatever against the defendant Ottaviano Gori. The plaintiffs could not, by default or otherwise, obtain any judgment against him in the second action. On the theory that the plaintiffs were entitled to the equitable relief asked for in the complaint, as against the property of the wife, he was properly made a party. (*Code,* § 114.) Yet he demurs separately to this complaint, upon precisely the same grounds on which he demurred to the complaint in the first action. I do not think he had a right to demur separately to the com-

plaint, on the ground that it contained no cause of action against him. It does not purport to contain any cause of action against him, but only a cause of action as against his wife and her separate property. He might have joined with his wife in her demurrer, but having demurred separately, I think his demurrer must be overruled. In my opinion, he cannot, by his separate demurrer, avail himself of the fact that the complaint in the second action contains no cause of action, either against him or her, or *in rem*, as against her separate property.

This demurrer to the complaint in the second action must be overruled with costs; but the plaintiffs can have no judgment on the demurrer, except for costs.

The plaintiffs must have judgment, on Ottaviano Gori's demurrer to the complaint in the first action, against him with costs; with liberty for him to amend in twenty days, on payment of costs.

[New York Special Term, April 2, 1860. *Sutherland*, Justice.]