49 155
67h 232

THE FARMERS AND MECHANICS' NATIONAL BANK OF ROCHESTER, *vs.* JAMES H. GREGORY and CHARLOTTE U. GREGORY, his wife.

Our recent statutes for 'the better protection of the separate property of married women have no relation to, or effect upon, real estate conveyed to husband and wife jointly.

In such a case the wife has no separate estate, but is seised, with her husband, of the entirety ; neither having any separate or severable part or portion, but the two, as one in law, holding the entire estate.

They hold thus not as joint tenants, or as tenants in common, but as tenants by entireties; and the same words of conveyance which would make two other persons joint tenants, will make the husband and wife tenants of the entirety.

When the estate thus held by them is voluntarily converted into money, the same belongs to the husband, exclusively, in virtue of his marital rights. And no rule of equity will give the wife the entire amount, as her separate property, to the exclusion of the rights of the husband and of his creditors.

In a case where there never was any separate estate or right in the wife, neither the statutes, nor the rules of equity, are sufficient to enable her to appropriate the entire property to herself, to the exclusion of the husband's creditors, although they became such during the joint ownership.

APPEAL from a judgment entered upon the report of a referee. The action was brought by the plaintiff, a judgment creditor of the defendant James H. Gregory, after the

return of an execution issued upon such judgment unsatisfied, to set aside certain conveyances of real estate ; to have the lands sold, and the proceeds applied to the payment of the plaintiff's judgment, &c. . The referee to whom the action was referred found the following facts and conclusions of law, to wit :

That on the 28th day of June, 1864, the defendant James H. Gregory, was the owner in fee of two parcels of land, situate in the city of Rochester ; one of which, consisting of two and one half acres, with a dwelling house, barn, &c. worth eleven thousand dollars ; and the other, consisting of eighteen acres of land, of the value of $3500, and on the days first mentioned, he, together with his wife, conveyed the first parcel of land to G. H. Humphrey, Esq. in trust, to convey the same to said Gregory and wife, as joint tenants, which conveyance was on the same day made by said Humphrey to the defendants as joint tenants in pursuance of the trust aforesaid. That there was no other consideration for said conveyances or either of them, except the purpose upon the part of said Gregory to make a provision for his wife according to the terms of the deed last aforesaid. That subsequently and on the first of October, 1864, the said Gregory indorsed a note for the benefit of Winslow the maker, which was on the same day discounted by the plaintiff, and is the note described in the complaint, and upon which the judgment therein mentioned was recovered. That in the month of November next following the month in which the said Gregory made the indorsement aforesaid, he, with his wife, made a mortgage to secure $3000 to the savings bank, the object being to raise money to pay the debts of the former. That in consideration that his wife would execute the mortgage aforesaid upon the parcel of land conveyed in joint tenancy, as mentioned above, and of $500 paid by Mrs. Gregory from her separate property, Gregory, on the 21st of November, 1864, conveyed to his wife, through the same trustee, the second parcel of land above mentioned. The referee found as a conclusion of fact, from all the evidence, that the above

conveyances were made in good faith, and without any intent to defraud creditors.

It was further proved that on the 23d day of March, 1865, the defendants, by their deed of that date, duly acknowledged and recorded, conveyed the first parcel of land of two and a half acres above mentioned to G. N. Deming, for the consideration of $11,000, and the proceeds of the land, after deducting the incumbrance of $3000, were received by Mrs. Gregory. The recovery of the judgment upon the note aforesaid, and the issuing and return of the execution thereon at the times and manner stated in the complaint, were admitted by the defendants.

And the referee found as conclusions of law from the above facts :

*First.* That by the conveyance to Deming by Gregory and his wife, the estate vested in them by the deed from G. H. Humphrey, Esq. was severed, and that Gregory, in his own right as owner, was entitled to an undivided half of the proceeds of that sale.

*Second.* That Mrs. Gregory must account to the plaintiff for her husband's share of those proceeds, or the value thereof, so far as the same may be necessary to satisfy the judgment of the plaintiff, with interest and the costs of this action.

To each of which said findings of law the defendants excepted.

*H. Humphrey,* for the appellants. I. The property, consisting of the real estate afterwards conveyed to Deming, having been conveyed to the defendants, husband and wife, with intent to make provision for her future support during her natural life, while the husband was free from debt, and expected to continue so, was not, before it was sold to Deming, liable to his creditors. (*Jackson* v. *McConnell,* 19 *Wend.* 175. *Barber* v. *Harris,* 15 *id.* 615. *Jackson* v. *Stevens,* 16 *John.* 115. *Doe* v. *Parratt,* 5 *T. R.* 652 *Rogers* v. *Benson,* 5 *John. Ch.* 436. *Doe* v. *Howland,* 8 *Cowen,* 277.

*Brooke's Ab'r cui in vita,* 8 *Cruise,* 363. *Green* v. *King,* 2 *W. Black.* 121. *Dean* v. *Hardenburgh,* 5 *Halst. N. J. Rep.* 42. *Hearsey* v. *Hearsey,* 5 *Mass.* 521–3. 1 *Dana,* 37. *Doe ex Ross* v. *Garrison. Taut* v. *Campbell,* 7 *Yerger,* 319. *Greenlaw* v. *Greenlaw,* 13 *Maine R.* 182–5. *Dickinson,* v. *Codwise,* 1 *Sandf. Ch.* 214. *Thornton* v. *Thornton,* 3 *Rand.* 179. *Rogers* v. *Gordon,* 1 *Dana,* 243. *Preston on Abstracts,* 2, 40.)

II. It was admitted by the pleadings, and not disproved or sought to be disproved, on the trial, that when the sale to Deming was made, the avails were received by Mrs. Gregory with the assent of her husband, as her own private and separate property, to her own use forever, which the referee has found was without fraud, or at least, in which he has not found fraud.

Since fraud cannot be inferred, but must be proved, it follows that Mrs. Gregory was entitled to hold the property received from Deming, and the avails of it, to her own use, and that the referee erred in directing her to account for it, or any part of it. (2 *R. S.* 320, § 4, *tit.* 3, *ch.* 7, *part* 2. *Babcock* v. *Eckler,* 24 *N. Y. Rep.* 623.)

III. The referee erred in holding that the married woman's acts of 1860 and 1862, did not apply to the property received by Mrs. Gregory from Deming. (*Sess. Laws of* 1860, *p.* 157. *Id.* 1862, *p.* 343. *Goelet* v. *Gori,* 31 *Barb.* 314.)

IV. The plain intent of the married woman's act was that whatever estate she might have in lands, whether in severalty, tenancy in common, or joint tenancy, she should hold to her separate use, and that the same should not be subject to his control, or liable to his debts.

V. The act of 1860 is so unlike the acts in force when *Goelet* v. *Gori* was decided, that the reasoning of the judge in that case is inapplicable to this case, the statute of 1860 declaring that real or personal property which comes to a married woman by descent, devise, bequest, gift or grant, shall remain her sole and separate property, not subject to the control or interference of her husband, while the previous

statute declared that she should hold in the same manner and with the like effect as if she were unmarried, the words " in the same manner and with the like effect as if unmarried " being omitted in the statute of 1860. The reason of the judge was, that married women were to take not jointly with, but as if they had no husbands. This was law, or rather statute, when Judge Sutherland decided, but not when the referee followed him.

*L. Farrar*, for the respondent. The conclusion of law to which the referee arrived, is at least as favorable to Mrs. Gregory as can be justly claimed for her. If the referee has committed any error, it is in determining the questions of law, in respect to her interests, too favorably.

I. Whether the estate vested in the defendants, Gregory and wife, by the deed of George H. Humphrey, was one joint tenancy ; or whether, according to the view of the referee, the grantees, " both became seised of the entirety," &c. her interest does not seem to have been affected by the acts to protect the property of married women.

The intention of the legislature, clearly expressed in these several acts, was to enable a married woman to take and hold real estate, " to her sole and separate use," and not jointly with her husband. (*See Laws of* 1848, *p.* 307; 1849, *p.* 528 ; 1860, *p.* 157 ; *Goelet* v. *Gori*, 31 *Barb.* 314.) The estate in question was one in joint tenancy, if husband and wife are capable of holding real estate in that relation, under any circumstances, or under any kind of grant ; for the deed, by express words, makes the grantees joint tenants. True, it is well settled, or was before the passage of the acts referred to, that husband and wife, under a grant or devise to them jointly, do not take, as tenants in common, or as joint tenants, but being deemed one person in law, they " both become seised of the entirety," &c. as is said by the referee. But in all the cases, wherein this doctrine has been held, it will be found that the grant or devise was to the husband and wife

simply, without any words creating, or indicating, an intention to create a joint tenancy.

It is believed that the question under the precise facts in this case, has never been adjudicated. At common law, if a husband and wife were seised of land as joint tenants, before marriage, they would continue such afterwards, as to that land ; and all the consequences of joint tenancy, such as severance, partition, and the *jus accrescendi,* would apply. (4 *Kent's Com.* 363.) It seems also that husband and wife may, by express words, in a deed of land to them, be made tenants in common. (2 *Preston on Abstracts,* 41. 1 *id. on Estates,* 132, 1 *Washburn on Real Property,* 444, § 4. 4 *Kent's Com.* 363.)

It would seem to follow that by express words they may be made joint tenants as well. If Gregory and wife took and held, as joint tenants, in accordance with the grant, and had continued to hold till the recovery of the judgment, the remedy of the plaintiff against the husband's interest in the property would have been certain and easy. His interest might have been sold on execution, and the purchaser would have acquired title to an undivided moiety of the property, making him tenant in common with Mrs. Gregory. (2 *Preston on Ab.* 43. 4 *Kent's Com.* 360, 363 *and* 364.) If, on the other hand, Gregory and wife, in virtue of the grant from Mr. Humphrey, became tenants by entireties, as husband and wife, the interest of the husband would have been equally, if not more valuable than in case of a joint tenancy, and the plaintiff's remedy would have been equally certain and easy. His interest would have been an estate for his own life in the whole property, in case his wife survived him, and an estate in fee in the whole, in case he survived her. This interest was worth, at least, half the value of the property, and more, and might have been sold on execution.

But, by the sale to Deming, the joint tenancy or ownership terminated, and whatever may be said of *the tenure by which the real estate was held,* there can be no doubt that under

the common law rule the whole proceeds belonged to the husband. It cannot be claimed that the husband and wife were joint tenants in the proceeds, or that they were tenants by entireties. (*See* 3 *R. S.* 14, § 44, *5th ed.; Check* v. *Wheatley*, 3 *Snead*, 484, *cited in* 4 *Kent's Com.* 364; *Comstock's ed.; see note.*) There is no such thing as a tenancy by entireties in personal property.

The referee holds, in substance, that the matter of the sale to Deming, and the conversion of the real estate into money, is controlled by the statutes relating to married women, and that Mrs. Gregory is entitled to an undivided half of the money, as tenant in common with her husband. The plaintiff does not object to this view, if it can be properly taken, and certainly Mrs. Gregory ought not to, for it is the most favorable view possible in respect to her interest.

The whole proceeds were $11,000, ; $3000, of that, however, was a mortgage on the property, which Deming assumed. But Mrs. Gregory had received from her husband in the month of November previous, $3000 as the consideration demanded by her, for executing that very mortgage. This was paid by the conveyance to her of eighteen acres of land, worth $3500. Of the $8000 received from Deming, she (being tenant in common with her husband, in the whole proceeds, $11,000) having already received $3000, was only entitled to $2500, and her husband to $5500. The whole having been received by her, she must account to creditors, &c. (*See Boyd et al.* v. *Hoyt*, 5 *Paige*, 65; *Stafford* v. *Mott*, 3 *Paige*, 100; 2 *Barb. Ch. Pr.* 155, 156.)

II. If the statutes for the benefit of married women had any effect upon the estate acquired by Gregory and wife, through the deed from Mr. Humphrey, it could only have been, to the extent of making her interest the same as if she had been as *feme sole*. In that view, she of course took as joint tenant with her husband, according to the express provisions of the deed ; and then we come inevitably to the

same final result reached by the referee, in respect to the proceeds of the sale.

*By the Court,* JOHNSON, J.   To my mind it is a very clear proposition that our recent statutes for the better protection of the separate property of married women, have no relation to, or effect upon, real estate conveyed to husband and wife jointly. This was so held by SUTHERLAND, J. at special term in *Goelet* v. *Gori,* (31 *Barb.* 314.)   In such a case the wife has no separate estate, but is seised with the husband of the entirety ; neither having any separate or severable part or portion, but the two, as one in law, holding the entire estate.

They hold thus not as joint tenants, or as tenants in common, but as tenants by entireties ; and the same mode of conveyance which would make two other persons joint tenants will make the husband and wife tenants of the entirety. (2 *Kent's Com.* 132, 3d ed.  *Torrey* v. *Torrey,* 14 *N. Y. Rep.* 430.   *Jackson* v. *Stevens,* 16 *John.* 110.   *Rogers* v. *Benson,* 5 *John. Ch.* 431.)   Neither can sell without the consent of the other, and the survivor takes the whole.   But during the life of both, the husband is entitled to possession of the entire estate, and to the rents and profits, and may even alien the wife's interest during their joint lives.   And the estate will, it seems, be in such alienee, subject to the right of the wife or her heirs, to enter and enjoy the same, at the death of the husband, freed and discharged, from all his debts and engagements.   (2 *Kent's Com.* 133.   1 *Preston on Abstracts of Title,* 334, 435, 436.   *Jackson* v. *McConnell,* 19 *Wend.* 175.)

The debt in question was contracted by the husband while the defendants held the real estate, jointly, as husband and wife.   Afterwards, and before the plaintiff obtained its judgment, the defendants conveyed the same to George N. Deming for $11, 000, who paid $8000 in cash and assumed a mortgage of $3000, which the defendants had previously given, upon

the property. This sum of $8000 was received by the wife and retained by her. So that when the plaintiff obtained judgment and issued execution, the husband had nothing out of which the debt could be collected. There was no intention, as the referee finds, to defraud creditors, in any of the transactions between the defendants. The question then arises, as to the legal effect and operation, in respect to the avails, upon the conveyance by them of the real estate thus held. When the estate thus held was voluntarily converted into money, to whom did the money belong ? Undoubtedly, as it seems to me, it belonged to the husband exclusively, in virtue of his marital rights. The learned referee held, as a conclusion of law, that upon the sale the interests of the defendants became severed and each took, as matter of law, one half of the avails.

But I am unable to see upon what principle of law such a result could be produced. Their estate in the land was an entirety, arising from their unity as husband and wife ; and how the joint conveyance of this estate by them, and its conversion into money, could operate as a severance of the money, into equal parts, and vest such parts in each, as separate property, would be difficult, I think, to demonstrate. It would rather, in my opinion, follow the law of personal property in possession of the husband, and vest in him exclusively. The defendants' counsel insists that inasmuch as there was no fraud in the transfer of the real estate, by which it was vested in the defendants as husband and wife, the wife is entitled to retain the proceeds of the sale to her own use as against the creditors of the husband, who became such during the joint ownership of the realty. This I think would have been the case, had the real estate been settled upon, and conveyed to her, as her separate estate. The husband, at the time of the conveyance to the trustee, and the reconveyance by the latter to both was free from debt and might have vested her with the exclusive title, and had that been done, equity, would, upon familiar principles have pro-

tected the right of the wife, against the claims of subsequent creditors of the husband, both as respects the land and its avails, upon a sale by her. This has often been done, and it is unnecessary to cite authorities to sustain the proposition. But that is not the case here. No separate estate was settled upon, or vested in, the wife ; nor was it even so intended. It was intended that the husband should have a joint title, with right of exclusive control during the joint lives, and the entire estate if he survived. He did not give up, or design to give up, his entire interest and settle it upon his wife. It is argued, however, that equity should protect the wife the same as though she had been vested with the entire title ; because it was intended as a provision for her future support during her natural life. The referee has not found that such was the fact, although there was evidence before him tending to prove it. But this is not very material, because he could not have found that it was intended to vest in her the exclusive title, or to provide for her future support and maintenance in any other manner or to any greater extent than would legally flow from such an arrangement as was in fact made. It was not even found, nor was the fact proved, that when the wife received the avails of the sale, they were so received by her upon any understanding or agreement between herself and her husband that they should be hers exclusively, and be held and used by her as her separate property. She received them and held them with such right only as the law accorded to her. It is not necessary in this case to discuss, or to determine, the question, whether under all the circumstances of the case equity would, notwithstanding the strict rule of law, protect from the creditors, of the husband a moiety of the avails of the sale, in view of the manifest intention to settle upon her an interest in his property, for her future use and benefit ; because the plaintiff's demand will only consume a small portion of the other moiety. And I feel very clear that no rule of equity will give the wife the entire amount as her separate property, to the ex-

Farmers and Mechanics' National Bank of Rochester *v.* Gregory.

clusion of the rights of the husband and of his creditors. To do that, would require a new arrangement entirely, and one never contemplated by the parties themselves, which no court has any power to make. Under the arrangement they did make, and consummate, when the land was conveyed to both, the creditors of the husband had rights as against his alienable interest, and the court should not, even if it had the arbitrary power, now, deprive them of those rights.

The real estate belonged originally to the husband exclusively, and he caused it to be conveyed to them jointly. This gave him the use and control of it, and the right to take and use as he might see fit, the rents and profits, during their joint lives at least ; and if it were to be held that such a disposition of one's property deprived creditors of all claim upon it, a new and convenient mode would be discovered of keeping and enjoying any amount of property in defiance of any and all creditors. But as there never was any separate estate or right in the wife, neither the statutes, nor the rules of equity, are sufficient to enable her to appropriate the entire property to herself, to the exclusion of the husband's creditors, although they became such during the joint ownership.

I am clearly of the opinion, therefore, that the referee has committed no error of which the defendants or either of them can complain, and that the judgment should be affirmed.

[MONROE GENERAL TERM, June 8, 1867. *Welles, E. D. Smith* and *Johnson,* Justices.]