FREEMAN, appellant, v. BARBER.

*Married woman — Action for use, etc., of land held by wife and husband not maintainable in wife's name.*

Lands were by parol given to J. and husband upon certain conditions. They took possession and the conditions were performed. Afterward the donor commenced an action of ejectment, the husband did not defend, and judgment was taken by default against him. J. defended, and a judgment was rendered for the donor, under which J. was dispossessed and B. took possession. Upon appeal the judgment was reversed, and upon a remittitur from the court of appeals a judgment entered directing the donor to execute a deed to J. sufficient to convey to her the estate for her sole use and benefit. *Held,* that the title to the premises was in J. and her husband as tenants by the entirety, and J. could not maintain an action in her own name against B. for use and occupation and waste, and that the judgment directing a conveyance to her for her sole use did not confer a title upon her enabling her to do so.

APPEAL from a judgment in favor of defendant, entered upon the report of a referee. The action was brought in Cortland county by Julia Ann Freeman against Albert Barber, to recover for the use and occupation of about forty-five acres of land, and waste committed while defendant was in possession.

The land in question was purchased by the father of the plaintiff's husband, and a life estate given them by parol in the same if they would occupy and improve the same. Under this agreement, plaintiff and her husband went into possession and improved the premises. Afterward the husband left plaintiff and went to live

with his father. The father afterward commenced an action to recover possession of the land against Julia Ann, the plaintiff, and her husband. The husband did not defend, and judgment was obtained by default against him. Julia Ann defended. The action was referred and a judgment rendered in favor of the father, under which Julia Ann was dispossessed. An appeal was taken and judgment reversed, the court holding that Julia Ann was entitled to a deed conveying to her and her husband the title to the land in dispute for life. *Freeman* v. *Freeman*, 51 Barb. 312. This judgment was affirmed by the court of appeals, and judgment absolute rendered in favor of Julia Ann (*Freeman* v. *Freeman*, 43 N. Y. 35), and remitted to the supreme court to be carried out. Upon the remittitur judgment was entered directing the heirs of the father (he having died in the meantime) to convey the premises to Julia Ann, "to her own sole use and benefit during her natural life."

The defendant occupied the premises, claiming right under the father, and after Julia Ann was dispossessed, and committed various acts which amounted to waste until Julia Ann resumed possession.

The referee found as matter of law that plaintiff was not entitled to recover.

*H. Ballard,* for appellant.

*M. M. Waters,* for respondent.

MILLER, P. J. The plaintiff claims to recover in this action for the occupation of land, and for the removal and conversion of the fences thereon, and damages to the tenement when the premises were held by a title in herself and husband. In *Farmers & Mech. Nat. Bank of Rochester* v. *Gregory,* 49 Barb. 155, it was held, that the recent statutes for the better protection of the separate property of married women have no relation to, or effect upon, real estate conveyed to husband and wife jointly ; that the wife has no separate estate in such case, but is seized, with her husband, of the entirety; neither having any separate or severable part or portion, but the two as one in law holding the entire estate; and that they hold not as joint tenants, or as tenants in common, but as tenants by entireties. See, also, *Goelet* v. *Gori,* 31 Barb. 314; *Torrey* v. *Torrey,* 14 N. Y. 430 ; 2 Kent's Com. 133. Applying these principles to the case at bar, the question now raised must be con-

sidered as *res adjudicata,* and the judgment of the referee was clearly right.

There is nothing in the decision of the general term or the court of appeals in *Freeman* v. *Freeman,* or in the remittitur of the court of appeals, in conflict with the doctrine laid down, nor does the order of the special term or the remittitur from the court of appeals, which directs that Samuel Freeman's heirs execute and deliver a deed to the plaintiff sufficient in law to pass title for her sole and separate use and benefit during her natural life, affect the question or confer a title upon the plaintiff which she was authorized to receive beyond the decision of the case. It was at most the decision of a motion, which cannot be regarded as *res adjudicata,* where the husband was not represented.

It may be added, that no question of that kind could have been properly adjudicated upon such a motion so as to bind the parties, as all the court could do would be to carry out the decision of the court of appeals, which covered no such question, and which was not in dispute. The question in that case was, whether the husband and wife were entitled to the possession and to a deed, and no adjudication has determined that the wife, and not the husband, is entitled to the possession during the life of both, or that the wife exclusively was entitled to recover damages.

The referee was right and the judgment entered upon his report must be affirmed, with costs.

*Judgment affirmed.*