CELESTIA MEEKER, ADMINISTRATRIX, AND HENRY MEEKER, ADMINISTRATOR, WITH THE WILL ANNEXED, OF THE ESTATE OF SAMUEL DAILY, DECEASED, APPELLANTS, *v.* CORDELIA WRIGHT AND NELSON WRIGHT, RESPONDENTS.

*Conveyance to husband and wife — power of husband to sell to wife — mortgage by wife to husband.*

Certain real estate having been conveyed to a husband and wife jointly, the former conveyed the same to the latter, who gave back to him a mortgage for the consideration-price thereof. After the death of the husband his administrator brought this action to foreclose the mortgage. *Held,*

That the deed from the husband to the wife was void at law.

That in any event it conveyed only the interests of the husband and wife during their joint lives, and that the same and no greater interest passed to him by the mortgage executed by the wife.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action at a Special Term.

This action was brought by the plaintiffs, as administrator and administratrix, with the will annexed, of the estate of Samuel Daily, deceased, to foreclose a mortgage executed by the defendant Cordelia Wright (then Cordelia Daily) to the said Samuel Daily, in his lifetime, upon lands in the town of Coventry, in the county of Chenango.

At the time of the execution of said mortgage the defendant Cordelia and the said Samuel Daily were husband and wife.

The mortgage was executed by the defendant Cordelia April 1, 1870, to secure a portion of the purchase-money on the conveyance to her by the said Samuel Daily of the premises described in the said mortgage.

The piece or parcel of said land described in said mortgage and also in said deed was conveyed to the said Cordelia Wright, then Cordelia Daily, and the said Samuel Daily, by Clarissa Smith, the mother of the said Cordelia, September 22, 1865, said Cordelia then being the wife of said Samuel Daily.

The action was brought to trial at a Special Term of this court held at Norwich, New York, August 25, 1875, before Mr. Justice MURRAY, who, on the twenty-eighth of August thereafter, rendered his decision, whereby he ordered judgment that the complaint be dismissed, with costs to be paid out of the estate of the deceased.

From the judgment entered upon said decision this appeal is had.

*O. U. Kellogg*, for the appellants.

*William H. Hyde*, for the respondents. The husband and wife took as tenants of the entirety, being but one person in law, and both the deed and mortgage were void. (Blackstone's Commentaries [Cooley], vol. 1, book 2, 182; 5 Term R., 654; *Doe* v. *Parrot*, 2 Vernon [Chancery], 120; *Greneley's Case*, Coke's R., vol. 4, part 8, p. 284; *Green* v. *King*, 2 Black. R., 1211; *Case of Alton Woods*, Coke's R., vol. 1, part 1, page 76, note [E. 1], and cases cited; 2 Kent's Com, pages 118, 119 [10th ed.]; Co. Litt., 137; 2 Vern.,

120; *Jackson* v. *Stevens,* 16 Johns. R., 115; see, also, *Rogers* v. *Benson,* 5 Johns. Ch. R., 437; *Barber* v. *Harris,* 15 Wend., 617; *Jackson* v. *McConnell,* 19 id., 177; *Sutleff* v. *Forgey,* 1 Conn., 89; *Doe* v. *Howland,* 8 Cow., 283; *Torrey* v. *Torrey,* 14 N. Y. [4 Kernan, 430]; *Goelet* v. *Gori,* 31 Barb., 314; *Farmers and Mechanics' National Bank of Rochester* v. *Gregory,* 14 Barb., 162; *Freeman* v. *Barber,* 3 N. Y. Sup. Ct. R., 575, decided 1874; *Dunn* v. *Hornbeck,* 14 N. Y. Sup. Ct. R. [7 Hun], 629; *Beach* v. *Hollister,* 5 N. Y. Sup. Ct. R., 571, decided 1875; *Diver* v. *Diver,* 56 Penn., 106; *McDuff* v. *Beauchamp,* 50 Miss., 531; *Fisher* v. *Provin,* 25 Mich., 350; *Ketcham* v. *Wadsworth,* 5 Wis., 102; *Shaw* v. *Hearsey,* 5 Mass., 521; reaffirmed, *Wales* v. *Coffin,* 13 id., 215; *Davis* v. *Clark,* 26 Indiana, 428.)

LEARNED, P. J.:

The deed from Samuel Daily to Cordelia, his wife, was void at law, because made directly to her. (*White* v. *Wager,* 25 N. Y., 328; *Winans* v. *Peebles,* 32 id., 423.)

It was void, also, for another reason. The husband and wife held the land as one person. They were both necessary to make one grantor, and the deed of one without the other was merely void. (*Doe* v. *Howland,* 8 Cowen, 277; *Jackson* v. *Stevens,* 16 Johns., 115; *Jackson* v. *McConnell,* 19 Wend., 175; *Torrey* v. *Torrey,* 14 N. Y., 430.)

The old rules as to the effect of a conveyance to husband and wife are not affected by the married-women acts. (*Farm. and Mech. Bank* v. *Gregory,* 49 Barb., 155.) The husband, it is true, was entitled to possession during their joint lives; and it is said that he might alien their interests during their joint lives. But his conveyance could have no further effect. If the deed, then, of Samuel Daily to some third party would have conveyed only the interests of the husband and wife during their joint lives, his deed to his wife could have had no greater effect. The same may be said of the mortgage of Cordelia Daily to Samuel. Even assuming that his deed conveyed, in equity, the right of possession during their joint lives; still, as to the remainder, after their joint lives, it was necessary that both should unite in a conveyance. (*Doe* v. *Howland, ut supra.*)

The estate which she had, by virtue of the conveyance to her and and her husband, was in no sense her separate estate. By the married-women acts she could not take from her husband a separate estate. (Laws of 1849, chap. 375.) We are not called on, therefore, to decide whether her mortgage, not acknowledged according to the statute applicable to married women, was valid.

This does not seem to be a case in which any equitable considerations should induce the court to sustain conveyances which are not valid at law. It is sufficient to hold both the deed and mortgage to have been binding in equity, on the interests of the parties, husband and wife, for their joint lives. These interests have been terminated by his death; and neither deed nor mortgage affected the title by survivorship. The present estate of Cordelia Daily (now Wright) is that which she took by virtue of the original conveyance to her and her husband. What she mortgaged to Samuel Daily was that which passed to her (in equity) by his conveyance — that is, the estate for their joint lives.

The judgment of the court below was correct, and should be affirmed, and the motion for a new trial should be denied, with costs.

Present — LEARNED, P. J., BOOKES and BOARDMAN, JJ.

Judgment affirmed, with costs.