HENRY BRAM, RESPONDENT, v. GEORGE ADAM BRAM AND CLARA BRAM, APPELLANTS.

*Deed to husband and wife — they become seized of the entirety — failure of consideration — a judgment binds only privies and parties — in actions of foreclosure only subsequent lienors should be made defendants.*

This action was brought to foreclose a mortgage given by one George A. Bram to Jacob and Babeta Bram to secure the purchase-price of real estate conveyed by them to him; they subsequently assigned the mortgage to the plaintiff. The land had theretofore been conveyed to Jacob and Babeta, who were husband and wife. Prior to the execution of the deed to George, Babeta had executed a deed conveying one-half of the property to one Zorntlein.

*Held,* that the action could not be defended, upon the ground of a failure of consideration, for the reason that as the husband and wife were seized of the entirety, and as the husband by virtue of his marital rights was entitled to the possession of the property during his life, the prior deed of the wife was inoperative and conveyed no present interest to the grantee.

That as the only interest Zorntlein could acquire in the property by his deed would arise in the contingency of the wife's surviving her husband, and as no evidence was given to show to what extent this would diminish the value of the property no basis was presented for making any deduction from the amount of the mortgage.

After the execution of the mortgage Zorntlein brought an action and procured a judgment therein declaring him to be the owner of an undivided one-half interest in the land.

*Held,* that as the plaintiff was not made a party to the action his rights under the mortgage were not affected thereby.

That as the deed was given before the mortgage it was proper not to make the grantee a party to this action to foreclose the mortgage.

APPEAL from a judgment in favor of the plaintiff, recovered on a trial at Special Term.

*A. J. Dittenhoefer* and *David Gerber*, for the appellants.

*H. M. Geschiedt*, for the respondent.

DANIELS, J. :

The judgment recovered in the action was for the foreclosure of a mortgage and the sale of mortgaged property. The mortgage was given for the purchase-price of the property described in it. It had been conveyed to and was owned by Jacob Bram and Babeta Bram, who were husband and wife, and they executed and delivered a full covenant warranty deed of the property on the 30th of September, 1881, to George Adam Bram, and he, to secure the purchase-price at the same time, executed and delivered to them the mortgage in suit, and they thereupon assigned it to the plaintiff. It has been urged in support of the appeal that the mortgage was given to secure the purchase-price of property sold in violation of the terms of the statute, forbidding any person to sell any pretended right or title to lands or tenements, of which the grantor has not been in possession for the space of one year before the grant, but no evidence whatever is contained in the case which would render it subject to the control of this statutory provision. The facts, on the contrary, indicate that the grantors in the deed were in the actual possession of the property, and that such possession had been enjoyed by the grantee since it was executed and delivered to him.

It was proved on behalf of the defendants that Babeta Bram, one of the grantors in the deed to George Adam Bram, on the 23d of September, 1881, executed and delivered to William Zorntlein a deed for one-half the property afterwards conveyed to George Adam Bram, and for that reason it has been objected that the consideration for the mortgage had in part at least failed, as the entire property was intended to be conveyed by the terms of the deed executed and delivered to him. But as this deed was executed by the wife alone, whose interest in the property was created by a joint

deed to herself and her husband, it was inoperative in the way of conveying any present interest whatever to the grantee named in it. Where a deed is executed and delivered to a husband and wife, as this deed to them was, the husband by virtue of his marital rights becomes entitled to the possession of the property during his life, and that possessory right he may dispose of by deed. But subject to that qualification, as neither the husband nor the wife is severally seized of any interest in the property, each is incapable by means of his or her sole deed to convey any present right or interest in the property to his or her grantee. Both are required to join in the conveyance, otherwise it can have no effect, unless it may be by way of estoppel in case the grantor shall prove to be the survivor of the two. The rule upon this subject is that " they are both seized of the entirety and can neither sell without the consent of the other, and the survivor takes the whole. This species of tenancy arises from the unity of husband and wife and it applies to an estate in fee or for life." (2 Kent Com. [7th ed.], 110.) In *Jackson* v. *Stevens* (16 Johns., 110) the rule was stated, " to be well settled that if an estate be given to a man and his wife, they take neither as joint tenants, nor as tenants in common ; for, being considered as one person in law, they cannot take by moieties, but both are seized of the entirety ; the consequence of which is that neither of them can dispose of any part without the assent of the other, but the whole goes to the survivor." (Id., 115.) And it has since been sustained by the following additional authorities : *Doe* v. *Howland* (8 Cow., 277, 283) ; *Barber* v. *Harris* (15 Wend., 616, 618); *Jackson* v. *McConnell* (19 id., 175); *Farmers & Mechanics' Bank* v. *Gregory* (49 Barb., 155, 162; 1 Washburn on Real Estate [4th ed.], 332, § 9, pp. 672, 673). And as this deed from Babeta Bram to William Zorntlein conveyed no interest whatever in the property to him, it followed that the conveyance in which both the husband and the wife joined to the mortgagor conveyed the title to the property to him, under which he became seized of it and entitled to its full and complete enjoyment, subject only to the possible contingency that the wife shall survive her husband. This possibility would, of course, diminish the value of the property, but to what extent that might be the result was not proved, nor attempted to be

proved, by any evidence in the case, and no ground therefore was presented for making any deduction from the amount of the mortgage on account of this contingency.

It did appear, however, that Zorntlein after the execution and delivery of the deed executed by Babeta Bram to him brought an action in the Superior Court for the partition of the property, upon the allegation that he had become the owner of an undivided half interest in it by virtue of the deed to him. The action was sustained and a judgment recovered in it to that effect, and on appeal this judgment was affirmed. This probably proceeded upon the effect of the case of *Meeker* v. *Wright* (76 N. Y., 262), where a very decided opinion was expressed that a deed executed to a husband and wife made them tenants in common of the property affected by it. But the point was not definitely decided by the court. It was afterwards directly presented for consideration in *Bertles* v. *Nunan* (92 N. Y., 152), where it was held that the statutes enacted for the benefit of married women had not abrogated or changed this principle of the common law, and the opinion expressed in the preceding case was overruled. This decision was made in the year 1883, and the former in 1879. And it was during this intermediate period that the action was prosecuted and terminated in the final judgment in the Superior Court, and it was probably deemed to be authorized by the opinion expressed in the case previously decided by the Court of Appeals. The plaintiff was not made a party to that action, and he is therefore not bound by that judgment. Neither can his interest in the property as the assignee of the mortgage be in any form affected by it. He is entitled to have that interest maintained as the law secured it to the mortgagor at the time when the mortgage was executed and delivered, and he was correctly allowed to enforce his mortgage, by sale of the mortgaged property, by the judgment from which the appeal has been taken.

A further objection was taken that Zorntlein should have been made a party to the action for the foreclosure of the mortgage. But as the deed under which he claimed the undivided half was delivered to him before the mortgage itself was executed, he could not be made a party to the foreclosure suit to determine his right or exclude him from the claim under his deed in the property, for only such per-

sons are required to be parties to a foreclosure suit as have acquired rights or interests, or claim to have done so, subsequent to the execution and delivery of the mortgage. (*Emigrant Industrial Savings Bank* v. *Goldman*, 75 N. Y., 127, 131.) If he had any interest under his deed his right could not be considered or determined in this action. If he had none, then nothing remained to be tried so far as he might be concerned. In neither view could he have regularly been joined as a defendant in the suit. The execution of the mortgage, and the fact that it became due and payable, together with the sum owing, were not denied, but admitted by the defendants' answer. That settled the extent of the plaintiff's right, as assignee of the mortgage, conclusively in the case. Those facts were not in dispute, and it was not necessary, therefore, that a statement should be made of them in the decision of the court. They were not facts proved by evidence, but admitted by the pleadings and entirely beyond dispute. And they were so considered in the judgment which was entered, for that definitely adjudged and determined the amount due upon the mortgage as it was admitted by the defendants' answer.

There was no error in the ruling of the court by which the witness was prevented from answering the question whether his father asked for any mortgage. It was an immaterial inquiry, which, if answered, could have had no bearing upon any portion of the case. It did not follow, from the ruling excluding the answer to it, that the defendants were prevented from proving the consideration of the mortgage. The question did not suggest, in even the remotest manner, the object on the part of the defendants to be to give such proof. Neither did they offer any evidence tending to establish that fact. If that had been the design it should have been so stated to the court, for there was nothing from which it could be by possibility suspected, from the question not permitted to be answered.

At the opening of the case the defendants claimed the affirmative of the issue, as their answer had admitted all the material allegations contained in the plaintiff's complaint. That was denied by the court and they excepted to the decision denying their application. Whether the rule which has been applied in the trial of causes before juries should be held to be applicable to a foreclosure suit tried before the court, it is not necessary now to determine, for

as their was no defense in any form made out by the proof, the right to open and close the case was one of no possible importance. Upon the facts as they were established the plaintiff was entitled to recover the judgment entered in his favor. There could be no controversy on the subject, and the denial of the right to open and close the case in no way prejudiced him in the least degree.

All the facts necessary for the determination of the action which were not admitted by the answer, and even many of those which were, were found and stated by the court. There was no material deficiency in any respect, and the additional findings proposed by the defendants were not important for the consideration of any point arising upon the facts proved. No error intervened, either in the trial or the disposition of the case, which was prejudicial in any respect to the defendants, and the judgment should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.