## Joos v. Fey.

*(City Court of Brooklyn, General Term.* March 26, 1890.)

**JOINT TENANCY—CONVEYANCE TO HUSBAND AND WIFE—ENTIRETIES.**

Although lands are conveyed to husband and wife in express terms as joint tenants, yet they do not take as such, but as tenants by the entirety. Approving *Cloos* v. *Cloos*, 8 N. Y. Supp. 660.

Appeal from trial term.

Action for partition of real estate, brought by Ursula Joos against Christian Fey and Louise, his wife. Plaintiff appeals from a judgment dismissing his complaint.

Argued before CLEMENT, C. J., and VAN WYCK, J.

*H. C. Conrady,* for appellant. *W. D. Veeder,* for respondent. .

CLEMENT, C. J. Prior to and since March 18, 1882, the defendants, Christian Fey and Louise Fey, were and have been husband and wife; and on that day certain real property located in this city was conveyed to them by deed, and the *habendum* clause reads as follows: "To have and to hold the above granted, bargained, and described premises, with the appurtenances, unto the said parties of the second part, their heirs and assigns, to their own proper use, benefit and behoof, forever, as joint tenants, and not as tenants in common." On July 25, 1887, Louise Fey, the wife, executed a quitclaim deed to the plaintiff of her right, title, and interest in said real property; and subsequently the plaintiff brought this action of partition, alleging in his complaint that he was entitled to an undivided half of the premises, and that the defendant Christian Fey was entitled to the other undivided half subject to the inchoate right of dower therein of his wife, Louise Fey. At the trial term, judgment was rendered that the defendants held the premises as tenants by the entirety, and that the complaint be dismissed.

The question is squarely presented in this case, whether or not, in a deed to husband and wife, where the words "joint tenants" are expressly used, they take as joint tenants, or as tenants by the entirety. The precise question has recently been decided by the supreme court, at the general term of the second department, in the case of *Cloos* v. *Cloos,* 8 N. Y. Supp. 660, (February, 1890;) and it was there held that the husband and wife took as joint tenants. After a careful examination of the authorities, we feel compelled to come to a different conclusion, though with hesitation, in view of the decision above referred to. Bouvier defines the word "entirety" as follows: "This word denotes the whole, in contradistinction to 'moiety,' which denotes the half part. A husband and wife, when jointly seised of land, are seised by entireties, and not *pur mie,* as joint tenants are." "In the case of *Pray* v. *Stebbins,* 141 Mass. 219, 4 N. E. Rep. 824, it is said that "tenancy by entireties is essentially a joint tenancy, as modified by the common-law doctrine, that husband and wife are one person;" and in *Pollok* v. *Kelly,* 6 Ir. Com. Law, 373, we find the statement that "to speak of a grant to a husband and wife as an estate of joint tenancy is, properly speaking, a solecism." At common law, a deed to husband and wife did not make them joint tenants; and the rule has continued since the Revised Statutes, which read that "every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy." *Bertles* v. *Nunan,* 92 N. Y. 152. The word "entirety," as before appears, denotes the whole, and the moiety the half; and where no express words are used in a deed to husband and wife, according to the common-law rule, they take by the entirety, for the reason that they are one person in law, and cannot take by moieties. The authorities plainly hold that the husband and wife cannot take by moieties in a joint conveyance. In the case of *Torrey* v. *Torrey,* 14 N. Y. 430, Judge DENIO says: "Where

land is conveyed to husband and wife, they do not take as joint tenants, or as tenants in common; for, being considered as one person in law, they cannot take by moieties, but both are seised of the entirety; and neither of them can dispose of any part without the assent of the other, and the whole goes to the survivor." In *Rogers* v. *Benson*, 5 Johns. Ch. 431, Chancellor KENT wrote as follows: "The husband and wife in this case were not properly joint tenants or tenants in common; for they were but one person in law, and could not take by moieties. * * * The same words of conveyance which could make two other persons joint tenants will make the husband and wife tenants of the entirety." The following authorities are to the effect that the husband and wife cannot take by moieties: *Sutliff* v. *Forgey*, 1 Cow. 89; *Doe* v. *Howland*, 8 Cow. 277; *Barber* v. *Harris*, 15 Wend. 615; *Jackson* v. *Stevens*, 16 Johns. 110; *Snyder* v. *Sponable*, 1 Hill, 567; *Dias* v. *Glover*, 1 Hoff. Ch. 71; *Beach* v. *Hollister*, 3 Hun, 519; *Goelet* v. *Gori*, 31 Barb. 314; *Freeman* v. *Barber*, 3 Thomp. & C. 574; *Bank* v. *Gregory*, 49 Barb. 155. All the authorities in this state, with the exception of *Hicks* v. *Cochran*, 4 Edw. Ch. 107, are to the same effect, and in that case the facts were peculiar. The wife owned the property in her own right, and conveyed to a third party, who reconveyed to the husband and wife as tenants in common, "in order to carry into effect a new arrangement concerning the property." The vice-chancellor nevertheless conceded the rule that, in a deed to husband and wife jointly, they do not take as joint tenants, or as tenants in common. If the husband and wife were joint tenants before marriage, by the common law, the same estate continued, (4 Kent. Comm. 363,) and thus we can see that the statute of 1880 (chapter 472) might apply to a joint tenancy between husband and wife; but that statute did not give them any right to take as such. "If an estate be conveyed expressly in joint tenancy to a husband and wife, and to a stranger, the latter takes a moiety, and the husband and wife, as one person, the other moiety." 4 Kent, Comm. 363. See, also, authorities there cited. The question involved in this case has been decided in the case of *Bank* v. *Gregory*, 49 Barb. 155. There it was held that the husband and wife took by the entirety, though the conveyance read to them as joint tenants. See, also, *Shaw* v. *Hearsey*, 5. Mass. 521; *Stuckey* v. *Keefe's Ex'rs*, 26 Pa. St. 397. In Freem. Co-Tenancy, §§ 70-72, we find all the authorities collated.

We think that it is established in this state, as a rule of property, that a husband and wife cannot take a joint estate by moieties. If they cannot take, then whether the words "joint tenants" are used or not would be immaterial; and we further believe that this rule is so well established that conveyancers use the expression "joint tenants," simply as the opposite of "tenants in common," as in this case. If, in the deed in question, the parties intended to take as joint tenants, it was not necessary to add the words "and not as tenants in common." The words in the deed before us are used very frequently in this county, and have been for many years, particularly in the wards where the property owners are of German descent. The opinion in *Meeker* v. *Wright*, 76 N. Y. 262, may have suggested the use of said words. Mr. Preston stated (2 Prest. Abst. 41) that a husband and wife may, by express words in a deed to them, be made tenants in common; but his statement of the law has been disapproved of in several opinions. It is not now necessary to decide that question, because a conveyance to the husband and wife as tenants in common could be construed as a conveyance to each of an undivided half, and of the same effect as if two deeds had been made,—the one conveying an undivided half to the husband, and the other conveying the same interest to the wife. The husband and wife would have no joint interest except as to possession. Whether Mr. Preston stated the law correctly or not, a strong negative argument can be made from the fact that neither Preston, Kent, nor Washburn ever made any statement or intimation that husband and wife could take as joint tenants. If deeds have been taken where

the parties relied on a rule of property which has been established by a long line of authorities, and on a principle of law which has been repeatedly reiterated, viz., that a husband and wife cannot take a joint estate by moieties, then, clearly, such titles should not be disturbed.  In the present case, the husband invested $1,700, and the wife $600.  The deed expressly provided that they should hold not as tenants in common.  The wife or her grantee, if successful, will receive the value of one-half, and the husband the other half less the present worth of the inchoate right of dower of his wife.

We have assumed, in deciding the question, that the acts for the benefit of married women have, in no sense, enlarged or changed the right of the wife to take an estate in a deed made to her and her husband, (*Bertles* v. *Nunan*, 92 N. Y. 152–163; *Zorntlein* v. *Bram*, 100 N. Y. 12, 2 N. E. Rep. 388,) except that we have not considered the effect of the law of 1884, (chapter 381,) as it was passed after the deed now under consideration.  The judgment appealed from is affirmed, with costs.