EVERIT and others, executors, &c. *vs.* WATTS.

Where a feme covert entered into a written agreement with her son to form a copartnership with him, which agreement provided for a copartnership in fact, and for a continuance of the same for a period beyond the death of the husband of such feme covert, and such copartnership commenced under such written agreement during the coverture of such feme covert, and continued after the death of her husband for upwards of six years to the time of her own death ; *Held*, that such copartnership related back to the time of the execution of such written agreement so as to give both parties the same benefit which they would have been entitled to, if the feme covert had not been married when the copartnership originally commenced.

A defendant who puts in a plea denying the existence of a copartnership, must support it by an answer and discovery as to every circumstance charged in the bill as evidence of the copartnership.

January 23.   THIS was an appeal from a decretal order of the vice chancellor of the first circuit overruling the defendant's plea.   The bill was filed ·for an account and settlement of partnership transactions, in an alleged copartnership between the testatrix and the defendant.   The bill stated a copartnership, commencing under a written agreement be-

tween the testatrix of the complainants and the defendant, made while she was a feme covert, and continuing after the death of her husband down to the time of her own death, more than six years afterwards. The written agreement, purporting to have been signed by the testatrix and the defendant her son, was set out in the bill. And the complainants, in addition to the allegation that the copartnership continued to be carried on, after the death of her husband, till the time of her death, stated among other things that during her lifetime the testatrix gave her entire attention to the management and superintendence of the business ; and that for a part of the time while the defendant was absent in Europe the business was carried on under her sole care, management and direction.

The defendant, as to all the discovery sought by the bill in relation to the copartnership transactions, pleaded in bar a mere naked denial that any copartnership in trade or business ever existed between him and the testatrix. But there was no averment in the plea negativing the actual execution of the agreement for a copartnership, by him and the testatrix, and the carrying on the business in conformity to the terms of that agreement, as well after as before the testatrix became a feme sole. The vice chancellor overruled the plea ; but gave the defendant leave to amend the same by accompanying it with an answer and discovery as to all the facts and circumstances alleged in the bill as evidence of the copartnership, on payment of costs.

*M. S. Bidwell,* for the appellant.

*J. P. Rolfe,* for the respondents.

THE CHANCELLOR. It is not necessary in this case to express any opinion as to what effect could have been given to this written agreement for a copartnership between the defendant and a feme covert, under the particular circumstances stated in the bill, if the appellant had repudiated the same as soon as the husband died. The agreement,

however, provides for a copartnership in fact between the defendant and his mother, and which by the express terms thereof was to continue for a period which was to extend beyond the death of the husband of the testatrix. It also provides for an equal division of the profits of the business, between him and the testatrix, at the termination of the copartnership. If the defendant had put in an answer admitting every thing that is stated in the bill, as evidence of the copartnership, I think the plea that no partnership ever existed, must have been overruled as false. For these facts are sufficient to constitute a copartnership which would relate back to the time of the execution of the written agreement under which it commenced, so as to give both parties the same benefit as if the wife had been a feme sole at that time. In *Saunders* v. *King*, (*Mad. & Geld. Rep.* 61,) Sir John Leach decided that a defendant who puts in a plea denying the existence of a partnership, must support it by an answer and discovery as to every circumstance charged in the bill as evidence of the copartnership. He accordingly did, what the vice chancellor has done in this case ; he overruled the plea but gave the defendant leave to amend. (*See also Welf. Eq. Pl.* 299 ; *Story's Eq. Pl.* 528 § 683.)

If the complainants should take issue on this plea, without requiring an answer and discovery of the matter stated in the bill as to the execution of the agreement by the defendant and his mother in 1832, and the continuance of the business in conformity to that arrangement before and after the death of her husband, they would lose the benefit of the discovery sought by the bill as to those facts ; all of which are material to show that the plea is false. The only object in allowing the defendant to put in a negative plea, in such a case, is to save him the expense and trouble of a long answer and statement of accounts which will be wholly immaterial to the complainant if there was no copartnership. But it would be a violation of the principle upon which this court acts in requiring a discovery of every thing which is necessary to the complainants' case, and to save them the expense of procuring the attendance of witnesses to prove

facts within the knowledge of the defendant, to permit the
defendant, by a dry negative of the existence of the alleged
copartnership, to deprive them of the discovery of facts
stated in the bill to prove the partnership.

The decision of the vice chancellor in overruling this
plea was therefore right, and it must be affirmed with costs.