## New York Marine Court.

*Special Term—May 23, 1874.*

## WILHELM MULLER *against* JOHN A. STEMMLER, ET AL.

Where a conveyance is made to husband and wife, they do not take as joint tenants, nor as tenants in common. Both are seized of the entirety, and the whole goes to the survivor, discharged of the other's debts; and the statutes relating to married women have not changed this common law rule. *So held*, in an action where the sufficiency of a complaint in an action for deceit in the sale of lands, was questioned on this account.

Motion on the part of plaintiff for judgment, on account of the frivolousness of the defendant's demurrer to the plaintiff's complaint.

*W. T. B. Milliken,* for plaintiff.

*Henry Wehle,* for defendant.

McAdam, J.—The complaint charges that the plaintiff and his wife, Christina, bargained with the defendants to buy of them two lots of land in Long Island city, and that the defendants, colluding and conspiring together for the purpose, and with the intent of deceiving, cheating, and defrauding the plaintiff and his wife, falsely and fraudulently represented that the said two lots were free and clear of and from all incumbrances, when they knew that the representation was, in fact, false, and that the lots, with other contiguous property, were incumbered by a mortgage of $179,000, then in process of foreclosure. That, relying upon said representation, the plaintiff and his said wife paid the full consideration money for said lots, amounting to $726, and received from the defendants, Stemmler and wife, a warranty deed of the property.

The plaintiff then alleges that thereafter and before suit brought, his wife died, leaving him sole surviving joint tenant of the property, and that, in consequence of the fraud, he has sustained damage to the amount of $1,000. The defendants, Stemmler and wife, demur to this complaint, on the grounds :

(1.) That the court has no jurisdiction of the subject matter of the action.

(2.) That there is a defect of parties plaintiff, in that the legal representatives of Christina Muller (plaintiff's widow) are not joined with him as co-plaintiff.

(3.) That the plaintiff has not legal capacity to sue ; and lastly, that the complaint does not state facts sufficient to constitute a cause of action.

These objections are answered in the order in which they are made.

*First.* The action is for damages for fraud in the purchase and sale of real estate, and jurisdiction of such actions is expressly conferred upon the marine court (*Laws of* 1872, chap. 629, § 3, subdivision 6), and this jurisdiction exists without regard to the *situs* of the property.

*Second.* The second and third objections present the single question of defect of parties. The plaintiff is the survivor of his wife, and the common law rule is that when a conveyance is made to husband and wife, they are neither joint tenants nor tenants in common, and the whole goes to the survivor discharged of the other's debts (Torrey *v.* Torrey, 14 *N. Y.* 430 ; Wright *v.* Saddler, 20 *Id.* 320 ; *Schouler's Dom. Rel.* 2 Ed. marg. p. 288) ; and the recent statutes relating to married women, have not changed these principles of the common law, for these statutes were not intended to enable married women to take and hold *jointly* with their husbands as if they were sole, but to take, hold and dispose of property, as if they had no husbands (Goelet *v.* Gori, 31 *Barb.* 314 ; Farmers and Mechanic's Bank *v.* Gregory, 49 *Id.* 155). There is, therefore, no defect of parties, under these authorities.

*Third.* The remaining objection that the complaint does not state facts sufficient to constitute a cause of action is untenable. Every element necessary in an action for deceit is alleged.

Judgment is therefore ordered for the plaintiff on the demurrer with costs.

Where the only property owned by a married woman is real estate conveyed to her and her husband jointly, she does not own a separate estate, because the husband and wife do not hold as joint tenants, or tenants in common, but by entireties. They hold as one person. Neither has a separate or divisible interest. Neither can sell the entire fee with the consent of the other; and during their

joint lives the husband is entitled to the possession, rents, issues and profits (Baker *v.* Lamb, 11 *Hun*, at p. 521 ; citing Firemen's Ins. Co. *v.* Bay, 4 *Barb.* 414 ; S. C., 4 *N. Y.* 11; Farmers, &c. Bank *v.* Gregory, 49 *Barb.* 162 ; Beach *v.* Hollister, 3 *Hun*, 519 ; Torrey *v.* Torrey, 14 *N. Y.* 430).

Business *partnerships between husband and wife,* how far allowable (See *Wells' Separate Property of Married Women,* § 152, *et seq.*).    Not allowable at common law (Brown *v.* Jewett, 18 *N. H.* 230), nor under the married woman's act of Ohio (Swasey *v.* Antram, 20 *Ohio St.* 87), nor of Maryland (Bradstreet *v.* Baer, 41 *Md.* 23), nor of Massachusetts (Lord *v.* Parker, 3 *Allen*, 127; Lord *v.* Davison, *Id.* 131), and where a married woman forms a partnership, her husband is entitled to her share and becomes partner in her stead (*Collyer on Partnership*, 6 Ed. by Wood, vol. 2, p. 24, citing Penn *v.* Whitehead, 17 *Gratt.* 501; Everett *v.* Watts, 10 *Paige Ch.* 84; Williams *v.* Butler, 35 *Ill.* 550). In *Re* Boyle, 1 *Tucker N. Y. Surr.* 4, it was held that husband and wife could not be partners, and that the law of 1860 does not relate to earnings and profits made by a woman in a business in which she is united with her husband, and that the husband's estate was liable for the wife's separate property put into the business, and received by him, with interest.